UNITED STATES of America,
Plaintiff-Appellant,

v.

Brian DENNARD and Yolanda Verduzco,
Defendants-Appellees.

No. 82–6135.

United States Court of Appeals,
Eleventh Circuit.

Jan. 16, 1984.

Rehearing Denied March 27, 1984.

Bruce Zimet, Asst. U.S. Atty., Fort Lauderdale, Fla., Linda Collins Hertz, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellant.

Hugh Behan, Asst. Federal Public Defender, Miami, Fla., for Dennard.

Eric B. Feldman, Coral Gables, Fla., for Verduzco.

Before VANCE and JOHNSON, Circuit Judges, and PITTMAN *, District Judge.

---

* Honorable Virgil Pittman, U.S. District Court Judge for the Southern District of Alabama, sitting by designation.

PITTMAN, District Judge:

On September 29, 1980, an indictment was returned in the Southern District of Florida against appellees Brian Gregory Dennard and Yolanda Verduzco,[1] charging drug-related offenses. The indictment was immediately sealed on oral motion of the United States. The indictment was unsealed on January 8, 1982, over fifteen months later. The district court dismissed the indictment on the grounds that this delay violated the appellees' due process rights.

The district court found that prior to the Florida indictment, an Assistant United States Attorney in Colorado orally promised appellee Dennard that in exchange for certain information and testimony, particularly against appellee Verduzco at the trial of her involvement in an unrelated Colorado drug transaction, Dennard would be immune from prosecution for the Florida offenses. Relying upon this promise, Dennard gave the government all requested information, including information concerning his participation in the drug transactions that are the subject of the Florida indictment.

Thus, the present appeal presents two distinct issues. The first, relating to both appellees, is whether the district court properly dismissed the indictments on the grounds that the delay violated the appellees' due process rights. The second issue, relating solely to Dennard, is whether the oral representation of an Assistant United States Attorney in the District of Colorado precludes prosecution of the Florida offense in the Southern District of Florida.

## I. FACTS

Between June 11 and June 29, 1980, negotiations for the sale of a quantity of cocaine allegedly took place in the Southern District of Florida between the appellees and undercover Drug Enforcement Administration (DEA) agents.

Following the Florida negotiations, the appellees travelled to Denver, Colorado, where they participated in a sale of five

ounces of cocaine to another group of DEA agents.

On July 9, 1980, a complaint was sworn in the District of Colorado charging appellees and Anthony Scuderi with the unlawful distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (1976), and with the use of a communication facility in the distribution of a controlled substance, in violation of 21 U.S.C. § 843(b) (1976).

On August 4, 1980, prior to any indictment relating to the Colorado drug transaction, a written agreement was entered into between appellee Dennard and Colorado Assistant United States Attorney Brian McConaty, whereby in exchange for Dennard's testimony of his participation in certain drug transactions he would be free from indictment regarding the Colorado transactions.

In addition to the written agreement, the district court found that certain oral representations were made concerning the possible prosecution of the Florida transaction. The district court found that Dennard "was repeatedly assured that he would 'walk away' entirely, and that he could 'start a new life' by cooperating with the government. The defendant was also orally advised that Florida would not be a problem." Dennard fully cooperated with the Colorado officials and included information concerning his involvement in the Florida negotiations.

Dennard learned that he was the subject of a Florida investigation during the first week of October, 1980, after Assistant United States Attorney McConaty told Dennard's attorney, Patrick Burke, that Dennard had been indicted in Florida. Burke contacted Dennard, who was then living in New Mexico, and advised Dennard to return to Denver to surrender himself. Dennard then attempted to surrender himself in the District of Colorado and persisted in these attempts throughout October and November, 1980. No action was taken by the

---

1. Also charged in the indictment were John Doe, a/k/a "Jacques", a/k/a "Jacques Marie Lescan"; Armando Martinez; Anthony Scu- deri; and John Doe, a/k/a "Tom". These parties are not before the court.

government on the indictment until after it was unsealed January 8, 1982.

During October and November, 1980, Dennard's attorney attempted to litigate the Florida indictment by calling the United States Attorney in Colorado and writing the Assistant United States Attorney for the Southern District of Florida, and the Department of Justice. Later, after the indictment was unsealed on January 8, 1982, Dennard was arrested on January 16, 1982, in Albuquerque, New Mexico.

The facts are different with reference to appellee Verduzco. On October 31, 1980, Verduzco pleaded guilty to use of a communication facility and the commission of an act of distributing cocaine in violation of 21 U.S.C. § 843(b) (1976). She was given a three-year sentence and commenced serving it immediately. The Florida indictment against Verduzco was not published; there is nothing in the record to show that any communication was made to her or her attorney, or that she learned of the indictment in the case sub judice until after it was unsealed on January 8, 1982. Verduzco was arrested on January 15, 1982 at the Federal Corrections Institution at Fort Worth, Texas several days prior to her release on parole from the Colorado sentence.

Dennard and Verduzco were subsequently removed to Florida where they moved to dismiss the indictments. Their motions were granted and this appeal ensued. The attorneys for appellees Dennard and Verduzco in briefs and arguments seek to sustain the trial court's dismissal of the indictments on sixth amendment grounds.

## II. SPEEDY TRIAL

Rule 48(b) of the Federal Rules of Criminal Procedure provides:

> If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint.

The indictment in question was returned by the grand jury and sealed by the district court on September 29, 1980. Indictments may be sealed pursuant to Rule 6(e)(4):

> The federal magistrate to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial. Thereupon the clerk shall seal the indictment and no person shall disclose the return of the indictment except when necessary for the issuance and execution of a warrant or summons.

There is no issue before the court on an alleged violation of the Speedy Trial Act, 18 U.S.C. §§ 3152 *et seq.* (1976). The court addresses the sixth amendment claim. There is no evidence in the record nor is any claim made of a delay prior to the indictment that would be violative of the constitutional due process protection.

The delay that occurred between the indictment and arrest of the defendants which might have limited or impaired their defense is covered hereinafter in "D. Prejudice to the Defendant."

In *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court identified four facts that "courts should assess in determining whether a particular defendant has been denied his right" to a speedy trial: the length of the delay, the reason for the delay, defendant's assertion of the right, and prejudice to the defendant. *Id.* at 530, 92 S.Ct. at 2192. The Court cautioned, however, against an overly rigid analysis:

> We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution.

This court, therefore, must engage in a balancing of these four factors, keeping in mind that no one factor predominates.

### A.  Length of Delay

The length of the delay is the "triggering mechanism" of the *Barker* analysis. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." 407 U.S. at 530, 92 S.Ct. at 2192. Greater delay is permissible in prosecuting a complex case than in prosecuting a simple one. *Id.* at 531, 92 S.Ct. at 2192. Dennard had notice of the indictment from October, 1980 until he was arrested in January, 1982. In *United States v. Avalos,* 541 F.2d 1100 (5th Cir.1976), *cert. denied,* 430 U.S. 970, 97 S.Ct. 1656, 52 L.Ed.2d 363 (1977), a fifteen-month delay was held sufficient to consider the remaining *Barker* elements in a case charging conspiracy to violate federal narcotics laws. In the present case, involving relatively unprotracted drug negotiations, we likewise conclude that the over fifteen-month delay is sufficient to consider the remaining elements.

### B.  Reasons for Delay

The government argues that the delay between the return and the unsealing of the Florida indictment was necessary to avoid alerting fugitive defendants. The district court found that the government was not engaged in a good faith investigative effort during the delay. The district court further found that any need for secrecy terminated once Dennard learned of the indictment. These findings are supported by the record.

A delay attributable to negligence "should be weighted less heavily [than deliberate delay] but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant." *Avalos,* 541 F.2d at 1113, *quoting Barker v. Wingo,* 407 U.S. at 531, 92 S.Ct. at 2192. We conclude therefore that this factor is to be weighted against the government.

### C.  Assertion of the Right to a Speedy Trial

Immediately upon learning of the Florida indictment Dennard attempted to surrender himself in the District of Colorado. He persisted in these attempts throughout October and November, 1980, by contacting the United States Attorney offices in Colorado and Florida, and the Department of Justice in Washington, D.C. No action was taken on the indictment until it was unsealed on January 8, 1982.

"The defendant's assertion of his speedy trial right ... is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Barker v. Wingo,* 407 U.S. at 531–32, 92 S.Ct. at 2192–2193. This factor, thus, will weigh in favor of Dennard.

There is nothing in the record, however, to show that appellee Verduzco asserted her right to a speedy trial, or indeed that she knew of the indictment until her arrest. Accordingly, this factor does not inure to the benefit of appellee Verduzco.

### D.  Prejudice to the Defendant

It is well settled that when the first three *Barker* factors weigh heavily against the government, the defendant need not demonstrate actual prejudice. *Hill v. Wainwright,* 617 F.2d 375, 379 n. 4 (5th Cir.1980); *United States v. Avalos,* 541 F.2d at 1116; *Prince v. Alabama,* 507 F.2d 693, 706–07 (5th Cir.1975), *cert. denied,* 423 U.S. 876, 96 S.Ct. 147, 46 L.Ed.2d 108 (1975). In the present case, the first three factors weigh in favor of the appellee Dennard; for this reason there need be no showing of actual prejudice.

The *Barker* factors do not so clearly favor Verduzco. The district court found that the delay resulted in the loss of Verduzco's memory and "the loss of an important witness." In *Avalos,* 541 F.2d at 1116, the court held that

> [w]here the appellants allege no more than the general inability to recall a transaction with desired specificity that occurs in any trial regardless of delay, and where such faded memories do not

appear substantially to relate to any material fact in issue, no actual impairment of their defense for purposes of a speedy trial challenge is shown.

The *Avalos* court also indicated that "vague assertions of ... lost witnesses without connecting this loss to any material fact in issue" will not satisfy the fourth *Barker* factor.

The present record is inadequate to review the question of whether Verduzco was actually prejudiced by the delay herein. The conclusion that Verduzco's memory would have been fresher without the delay is insufficient to draw a conclusion of actual prejudice. The district court did not identify the witness lost by reason of the delay herein; neither does the brief of the appellant nor our review of the record reveal the identity. For these reasons, the determination of the district court with respect to appellant Verduzco must be reversed and remanded for the taking of further evidence, if any, that will permit a conclusion with respect to the question of actual prejudice.

### III. IMMUNITY

Because we affirm the district court's dismissal of the Dennard indictment on the sixth amendment speedy trial grounds, we do not address the issue of whether Dennard was given an enforceable grant of immunity. This issue does not relate to the charges against Verduzco.

For the reasons stated herein, the district court's dismissal of the charges against appellee Dennard is AFFIRMED; the dismissal of the charges against appellee Verduzco is REVERSED and REMANDED for proceedings not inconsistent with this opinion.