**UNITED STATES of America,**

v.

**Jerry Mack DENSON.**

No. 87–250–Cr.

United States District Court, S.D. Florida, Miami Division.

June 29, 1987.

FPD Stuart Abrams, Miami, Fla., for plaintiff.

Eileen M. O'Connor, U.S. Attorney's Office, Miami, Fla., for defendant.

1. It is alleged that on November 6, 1981, at approximately 2:45 P.M., Jerry Mack Denson and an unidentified co-conspirator entered the Peoples First National Bank of North Miami Beach and, at gunpoint, did knowingly and in-

## ORDER ON MOTION TO DISMISS

SCOTT, District Judge.

### INTRODUCTION

Defendant, Jerry Mack Denson, is presently charged in a three-count indictment with bank robbery, armed bank robbery, and conspiracy to commit armed bank robbery in violation of Title 18 U.S.C. §§ 2113(a), 2113(d), and 371.[1] Defendant was previously charged with the identical offenses by indictment returned on May 4, 1983, which was dismissed without prejudice. *See United States v. Denson*, Case No. 83–385–Cr–ROETTGER, Order, dated January 29, 1987. Defendant now moves to dismiss the present indictment on speedy trial grounds.

### PROCEDURAL POSTURE

On April 29, 1982, Defendant was sentenced by Judge James Lawrence King to a fifteen (15) year term of incarceration for armed bank robbery. *See* Case No. 82–57–Cr–KING. He has been incarcerated in federal penal institutions since that time. On January 5, 1983, and May 4, 1983, Defendant was indicted again on armed bank robbery charges, Case No. 83–6001–Cr–PAINE and Case No. 83–385–Cr–ROETTGER respectively (hereinafter referred to as "Paine indictment" and "Roettger indictment").

On August 6, 1986, a detainer bearing the Paine indictment case number was issued by the United States Marshal directed to the Federal Correctional Institution, Memphis, Tennessee.[2] Eleven days later, on August 17, 1986, Defendant wrote two letters expressing an interest in asserting his right to speedy trial.

Pursuant to a Writ of Habeas Corpus Ad Prosequendum issued by Magistrate Luana

tentionally take by force $43,557.00 in United States currency.

2. The first detainer issued was not in proper form. On August 26, 1986, a corrected detainer notice was personally delivered by the United

Snow[3] bearing the Roettger indictment case number, Defendant was transported to the Southern District of Florida. On September 26, 1986, Defendant made his initial appearance before a United States Magistrate and was arraigned on the Roettger indictment.

Defendant moved to dismiss the Roettger case on December 16, 1986, and subsequently moved to dismiss the Paine case on December 30, 1986, in both cases alleging a violation of his right to speedy trial. Judge Paine dismissed the Paine indictment with prejudice. *See* Case No. 83–6001–Cr–PAINE, Order, dated January 27, 1987. Judge Roettger dismissed the Roettger indictment without prejudice. *See* Case No. 83–385–Cr–ROETTGER, Order, dated January 29, 1987. On April 24, 1987, the Government re-indicted the Roettger case, which now bears the instant case number.

## LEGAL DISCUSSION

The parties recognize that the four-prong analysis as outlined in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and its progeny apply to the present case. As indicated by the United States Supreme Court, four factors are to be considered in adjudicating speedy trial claims: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant." *Id.* at 530, 92 S.Ct. at 2192. In applying these principles, this Court is cognizant that the very nature of the right "compels courts to approach speedy trial cases on an *ad hoc* basis." *Id.*[4]

### (a) *Length of Delay*

■ Defendant was arraigned approximately forty (40) months after the original Roettger indictment was issued. The Government concedes that "there was a lengthy delay from the time of the indictment until the arrest of the Defendant on these charges." Government's Response to Defendant's Motion to Dismiss, page 6. For purposes of the *Barker* analysis, the length of the delay is sufficient to warrant further inquiry.[5]

### (b) *Reason for the Delay*

■ It is undisputed that the delay in bringing the Defendant to trial was caused by the negligence of the Government and its agents.[6] It is imperative to note, how-

States Marshal to the Memphis Correctional Institute.

3. Magistrate Snow issued the writ September 11, 1986.

4. As indicated by the Fifth Circuit:
 The right to a speedy trial is "a more vague concept than other procedural rights. It is, for example, impossible to determine with precision when the right has been denied." *Barker v. Wingo, supra,* 407 U.S. at 521, 92 S.Ct. at 2187. Unlike, for example, double jeopardy, "[t]he right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances." *Barker v. Wingo, supra,* 407 U.S. at 522, 92 S.Ct. at 2188. *Turner v. Estelle,* 515 F.2d 853, 855–56 (5th Cir.1975).

5. *See United States v. Dennard,* 722 F.2d 1510 (11th Cir.1984) (fifteen month delay sufficient to consider the remaining elements); *Hill v. Wainwright,* 617 F.2d 375 (5th Cir.1980) (delay of nearly three years serves as a "triggering mechanism" to invoke further analysis); *United States v. Avalos,* 541 F.2d 1100 (5th Cir.1976) (fifteen month delay is sufficiently serious to consider the reasons for the delay and other elements); *Turner v. Estelle,* 515 F.2d 853 (5th Cir.1975) (four year and eight month delay sufficient to require further inquiry).

The Court notes, however, that by itself, the length of the delay cannot justify granting Defendant's Motion to Dismiss. In *Barker,* the delay in bringing the Defendant to trial was well over five years; the Supreme Court concluded, upon considering all the circumstances, that the right to a speedy trial had not been violated.

6. As summarized by the Government:
 [T]he failure to bring Mr. Denson before the court for trial was caused by the negligence of the Marshal service. This negligence was then most recently exacerbated by perhaps the Clerk's Office (for failure to notify Judge Roettger's chambers of Denson's arraignment so the case could be taken out of "fugitive" status and placed on a trial calendar), the United State's Attorney's Office (for failure by the docketing section to forward the correct documents to the appropriate AUSA and the AUSA for failing to recognize that there were two pending cases) and the Public Defender's office (for failing to file any motions or request discovery or demand a Speedy Trial on the case).
 Government's Response to Defendant's Motion to Dismiss, page 4.

ever, that there has been no allegation that the Government deliberately delayed the proceedings for tactical reasons or to hamper the defense.[7] Nor has there been any allegation of "flagrant or inexcusable" misconduct. *See Turner v. Estelle*, 515 F.2d at 858. Accordingly, while the "ultimate responsibility for such [delay] must rest with the government and not the Defendant," a careful consideration of this factor weighs only slightly in Defendant's favor. *United States v. Avalos*, 541 F.2d at 1113 (citing *Barker v. Wingo*, supra, 407 U.S. at 531, 92 S.Ct. at 2192; *United States v. Rodriguez*, 510 F.2d 1 (5th Cir.1975); *United States v. Shepherd*, 511 F.2d 119, 122 (5th Cir.1975)).

### (d) *Defendant's Assertion of his Right to Speedy Trial*

This first notice of pending criminal charges which Defendant received was in August, 1986. Prior to this time, it appears Defendant had no knowledge that any pending criminal charges existed. Accordingly, the Defendant has not been impaired in asserting his right to a speedy trial. Under the Eleventh Circuit's analysis in *Dennard, supra*,[8] this factor does not inure to the benefit of the Defendant. *See also United States v. Mitchell*, 769 F.2d 1544, 1547 (11th Cir.1985).

### (d) *Prejudice to Defendant*

Defendant argues that this prong of the analysis need not be reached. According to Defendant, "prejudice—either actual or presumed—becomes totally irrelevant" when the other three elements of the *Barker* analysis weigh heavily in favor of the accused. Defendant's Motion to Dismiss, page 15. The Government counters, argu-

ing under the circumstances, Defendant must demonstrate prejudice.

In the Eleventh Circuit, it is well settled that "when the first three *Barker* factors weigh heavily against the government, the Defendant need not demonstrate actual prejudice." *United States v. Dennard*, 722 F.2d at 1513 (citing *Hill v. Wainwright*, 617 F.2d 375, 379 n. 4 (5th Cir. 1980); *United States v. Avalos*, 541 F.2d at 1116; *Prince v. Alabama*, 507 F.2d 693, 706–07 (5th Cir.1975), *cert. denied*, 423 U.S. 876, 96 S.Ct. 147, 46 L.Ed.2d 108 (1975)).[9] A careful review of the equities involved clearly reveals that the first three *Barker* factors do not *weigh heavily* against the Government.

Moreover, the circumstances of this case do not fit within the framework of a case in which prejudice need not be demonstrated. As stated by the Fifth Circuit:

> The reason for dispensing with the prejudice requirement entirely when the other three factors point heavily toward a violation of speedy trial is deterrence: the prosecution should not be permitted to engage in *inexcusable* misconduct on the hope that the Defendant will not be able to make out a case of prejudice.
>
> . . . . .
>
> Mindful of the difficulties sometimes encountered in weighing prejudice, this Court will not undertake such an inquiry where the prosecutorial error to be forgiven by a finding of no prejudice is *flagrant and inexcusable.*

*Turner v. Estelle*, 515 F.2d 853, 858 (5th Cir.1975) (citing *Hoskins v. Wainwright*, 485 F.2d 1186, 1192 (5th Cir.1973)).

In the case *sub judice*, there has been absolutely no showing of "flagrant and inexcusable" prosecutorial misconduct.

---

**7.** As stated in his Memorandum, "Defendant does not contend that the government deliberately delayed prosecution in this matter." Defendant's Motion to Dismiss, page 12.

**8.** In *Dennard,* a codefendant (Verduzco) was unaware of the indictment until the arrest. Defendant did not assert the right to speedy trial because she apparently did not know of the impending charges. The court found that under the circumstances, her right to speedy trial had

not been violated. *See United States v. Dennard,* 722 F.2d at 1513.

**9.** *Compare United States v. Martinez,* 776 F.2d 1481, 1483 (10th Cir.1985) (stating that "in the absence of prejudice, we have great reluctance to dismiss an indictment for prosecutorial delay") (citing *United States v. Jenkins,* 701 F.2d 850 (10th Cir.1983); *United States v. Brown,* 600 F.2d 248 (10th Cir.), *cert. denied,* 444 U.S. 917, 100 S.Ct. 233, 62 L.Ed.2d 172 (1979)).

Nor does the record suggest even a hint of bad faith on the Government's part. Accordingly, because the other three *Barker* factors do not weigh heavily in Defendant's favor, and because Defendant can point to no "inexcusable" conduct on the Government's part, a showing of prejudice is necessary. *Turner v. Estelle,* 515 F.2d 853 (5th Cir.1975).[10]

■ As Defense Counsel conceded at oral argument, Defendant can demonstrate no actual prejudice as a result of the delay. Defendant has suffered no prejudice from pre-trial incarceration because he was in prison anyway. *See Turner,* 515 F.2d at 859 (citing *Barker, supra* ). As for anxiety and concern, Defendant was not even aware of pending charges until August, 1986. In any case, it is difficult to conceive how the Defendant can complain about anxiety arising from these charges when he is now serving fifteen (15) years for precisely the same criminal conduct, and, as his prior record reflects, he is a career criminal. *See* Attached Appendix, FBI

RAP Sheet, Exhibit A. Finally, Defendant has failed to demonstrate that the delay has resulted in the loss of trial evidence (witnesses or otherwise).[11] In sum, Defendant has suffered no prejudice whatsoever as a result of the delay in bringing this matter to trial.

## CONCLUSION

This Court does not condone the Government's explanation that this case "fell through the proverbial cracks." Government's Response to Defendant's Motion to Dismiss, page 4. However, the Court will not "ignore the competing interests of the government." *See United States v. Mitchell,* 769 F.2d 1544, 1548 (11th Cir.1985). Nor will this Court turn its back on society's interest in seeing that justice is served. Accordingly, upon careful consideration of all the factors outlined in *Barker* and its progeny, this Court concludes that the Defendant's right to speedy trial has not been violated under the circumstances. Defendant's Motion is therefore DENIED.

**10.** The Supreme Court has recognized three interests that the speedy trial guarantee seeks to protect: (a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired. *Barker,* 407 U.S. at 533, 92 S.Ct. at 2193.

**11.** The Government has statements from eye witnesses who are available to testify and a

surveillance photograph of Defendant robbing the bank. *See* Attached Appendix, Surveillance Photograph, Exhibit B. In short, there is no defense to this case except for the present Motion to Dismiss.

EXHIBIT A

**UNITED STATES DEPARTMENT OF JUSTICE**
FEDERAL BUREAU OF INVESTIGATION
IDENTIFICATION DIVISION
WASHINGTON, D.C. 20537

PAGE 1 07/24/82

Use of the following FBI record, NUMBER 655 737 A10 is REGULATED BY LAW. It is furnished FOR OFFICIAL USE ONLY and should ONLY BE USED FOR PURPOSE REQUESTED. When further explanation of arrest charge or disposition is needed, communicate directly with the agency that contributed the fingerprints.

| Contributor Identifier (ORI) Name Case Number (OCA) | Subject Name State Number (SID) | Arrested or Received | C - Charge D - Disposition |
|---|---|---|---|

THE SUBJECT'S IDENTIFICATION RECORD APPEARING HEREUNDER HAS BEEN RETRIEVED FROM THE IDENTIFICATION DIVISION FILES BASED ON DESCRIPTORS FURNISHED IN YOUR REQUEST WHICH MATCHED THOSE ON FILE.

ALL DESCRIPTORS ON FILE ARE LISTED BELOW.

| NAME OF DESCRIPTOR | YOUR REQUEST | IDENTIFICATION DIVISION FILES | NAME OF DESCRIPTOR | YOUR REQUEST | IDENTIFICATION DIVISION FILES |
|---|---|---|---|---|---|
| RACE | | BLACK | BIRTH DATE | 10/12/53 | |
| SEX | | MALE | | 09/12/53 | |
| HEIGHT | | 601 | BIRTH CITY | | |
| WEIGHT | | 230 | BIRTH PLACE | | GEORGIA |
| HAIR | | BLACK | SOC SEC NO. | | 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 |
| EYES | | BROWN | | | 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 |
| | | | MISC ID NO. | | |
| SCARS ETC. | | TATTOO ON UPPER RIGHT ARM SCAR ON LEFT LEG | | | |

NATIONAL CRIME INFORMATION CENTER FGPT. CLASS. 06 04 07 07 02 AA 08 12 06 02

| | | | |
|---|---|---|---|
| FLFBIMM00 FBI MIAMI, FL MM91-5605 | DENSON, JERRY MACK | 11/13/74 | C-BANK ROBBERY D-CONVICTED-02/20/75 CUST OF ATT GEN 7Y |
| FLO130000 METRO-DADE POL DEPT MIAMI, FL 187180 | DENSON, JERRY MACK FL1017610 | 01/08/75 | C-ARMED ROBBERY 4 CTS WEAP/COMM OFF D-CHARGE DISMISSED-01/17/75 DISCHARGED C-ROBBERY 1 CT D-CONVICTED-06/27/75 CONFINEMENT-15Y STATE PRISON C-3 CTS ROBBERY D-CONVICTED-06/27/75 CONFINEMENT-15Y STATE PRISON TO RUN CONC W/CT 1 C-POSS WEAP WHILE COMMIT OFFENSE |

CONTINUED NEXT PAGE

*Nelson*

**UNITED STATES DEPARTMENT OF JUSTICE**
FEDERAL BUREAU OF INVESTIGATION
IDENTIFICATION DIVISION
PAGE 2 WASHINGTON, D.C. 20537 07/24/82

Use of the following FBI record, NUMBER 655 737 N10 is REGULATED BY LAW. It is furnished FOR
OFFICIAL USE ONLY and should ONLY BE USED FOR PURPOSE REQUESTED. When further explanation of arrest charge
or disposition is needed, communicate directly with the agency that contributed the fingerprints.

| Contributor Identifier (ORI) Name Case Number (OCA) | Subject Name State Number (SID) | Arrested or Received | C - Charge D - Disposition |
|---|---|---|---|
| CONTINUED FROM PREVIOUS PAGE | | | |
| | | | D-CONVICTED-06/27/75 CONFINEMENT-15Y STATE PRISON RUN CONCURRENTLY |
| FL037017C FEDERAL CORRECT INST TALLAHASSEE,FL 29825-120 | DENSON, JERRY MACK F101253 | 07/12/75 | C-BANK ROBBERY D-CONVICTED- CONFINEMENT-7Y |
| FL013017C FEDERAL CORRECT INST MIAMI,FL 29825-120 | DENSON, JERRY MACK F101253 | 11/10/77 | C-BANK ROBBERY D-CONVICTED- CONFINEMENT-7Y REG C-ARMED BANK ROBBERY D-CONVICTED- CONFINEMENT-6Y REG CC RECEIVED-11/10/77 FM TAL |
| FL013017G US PROBATION MIAMI,FL | DENSON, JERRY MACK F101253 | 11/10/77 | PAROLED-03/06/78 |
| FL063025C DEPT OF CORRECTIONS LAKE BUTLER,FL 0063565 | DENSON, JERRY MACK FL1017610 | 03/07/78 | C-ROBBERY D-CONVICTED- CONFINEMENT-15Y LESS 172D CJT,2 COM 15Y EA CONC C-UNL POSS OF F/A WHILE ENGAGE IN CRIM OFFENSE D-CONVICTED- CNTS TO WHICH DISPOS AND SENTENCES APPLY NOT KNOWN |
| CONTINUED NEXT PAGE | | | |

1538

**UNITED STATES DEPARTMENT OF JUSTICE**
FEDERAL BUREAU OF INVESTIGATION
IDENTIFICATION DIVISION
WASHINGTON, D.C. 20537

PAGE 3

07/24/82

Use of the following FBI record, NUMBER 655 737 N10 is REGULATED BY LAW. It is furnished FOR OFFICIAL USE ONLY and should ONLY BE USED FOR PURPOSE REQUESTED. When further explanation of arrest charge or disposition is needed, communicate directly with the agency that contributed the fingerprints.

| Contributor: Identifier (ORI) Name Case Number (OCA) | Subject Name State Number (SID) | Arrested or Received | C - Charge D - Disposition |
|---|---|---|---|
| CONTINUED FROM PREVIOUS PAGE | | | |
| FLFBIMM00 FBI MIAMI,FL MM91A-7836 | DENSON, JERRY MACK | 01/26/82 | C-BANK ROBBERY |
| FLFBIMM00 FBI MIAMI,FL | DENSON, JERRY MACK | 01/26/82 | C-BANK ROBBERY |
| REQUESTING AGENCY COPY FLFBIMM00 FBI MIAMI,FL | | | |

SUBJECT'S CRIMINAL HISTORY ALSO RECORDED IN NCIC CCH FILE US

961 91-70333

# UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
### IDENTIFICATION DIVISION
### WASHINGTON, D.C. 20537

PAGE 4

07/24/82

Use of the following FBI record, NUMBER 655 737 N10 is REGULATED BY LAW. It is furnished FOR OFFICIAL USE ONLY and should ONLY BE USED FOR PURPOSE REQUESTED. When further explanation of arrest charge or disposition is needed, communicate directly with the agency that contributed the fingerprints.

| Contributor Identifier (ORI) Name Case Number (OCA) | Subject, Name State Number (SID) | Arrested or Received | C - Charge D - Disposition |
|---|---|---|---|
| | | SPECIAL INFORMATION– | |
| | | SUBJECTS FINGERPRINT FILE DOES NOT CONTAIN A PHOTOGRAPH – HOWEVER, ONE MAY BE OBTAINED FROM | |
| | FLFBIMM00 | FBI MIAMI | |

