**UNITED STATES of America, Plaintiff,**

v.

**Joaquin N. FERNANDEZ, Defendant.**

**No. 87–806–CR–EPS.**

United States District Court,
S.D. Florida,
Miami Division.

Aug. 18, 1988.

James McAdams, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Frank Rubino, Steven Kollin, Leonard Cooperman, Brett Panter, Stephen LeClair, Raymond Takiff, Terrence McWilliams, David Russell, Miami, Fla., for defendant.

## ORDER AND MEMORANDUM OPINION

SPELLMAN, District Judge.

THIS CAUSE is before the Court upon the filing of a Report and Recommendation by United States Magistrate Linnea R. Johnson, on Defendant's Motion to Dismiss Indictment and upon Defendant JOAQUIN N. FERNANDEZ' objection to the Magistrate's Report.

Accordingly, upon the Defendant's objections to the Magistrate's Report and Recommendation and upon the Court's *de novo* review of the record, the Court agrees with the Magistrate that the Indictment is not subject to dismissal. It is therefore,

ORDERED AND ADJUDGED that the Magistrate Report and Recommendation be and the same is accepted, adopted and made a part hereof as this Court's Order and Memorandum Opinion. It is further

ORDERED AND ADJUDGED that the Plaintiff's Motion to Dismiss Indictment be and the same is hereby DENIED.

## REPORT AND RECOMMENDATION

LINNEA R. JOHNSON, United States Magistrate.

THIS CAUSE was referred to the undersigned United States Magistrate from The Honorable Eugene P. Spellman, United States District Judge for the Southern District of Florida, for Report and Recommendation on the Motion to Dismiss Indictment filed by Defendant, JOAQUIN N. FERNANDEZ.

### Procedural History

The Defendant, JOAQUIN N. FERNANDEZ, was indicted on March 20, 1984, in the District of Arizona for conspiracy to import controlled substances and conspir-

acy to possess with intent to distribute controlled substances. Trial began in April, 1985. Throughout pretrial litigation and the first month of the trial, the Defendant made numerous motions for severance, proffering that FELIPE ARNAIZ, Codefendant, would exonerate the Defendant at a separate trial, but ARNAIZ would do so only after he no longer enjoyed a Fifth Amendment privilege. The trial judge denied the Defendant's, FELIPE ARNAIZ, motions.

Approximately, one month into the Arizona trial, while a government witness was being cross-examined, the witness was asked a question explicitly forbidden by the judge. The answer was highly prejudicial to Defendant FERNANDEZ. The trial judge determined that there was no collusion among attorneys to cause a mistrial, but was then forced to grant Defendant's, FELIPE ARNAIZ, Motion for Severance based on Defendant's need for ARNAIZ' exonerative testimony.

After another month of trial, the judge declared a mistrial in the Arizona case from which the Defendant had been severed. When the government attempted to retry the case, the defense moved to dismiss, citing double jeopardy as grounds. The Ninth Circuit Court of Appeals upheld the trial court's denial of that motion. Subsequently, a petition for a Writ of Certiorari was denied by the United States Supreme Court. Three weeks before the December 15, 1987, trial date, the Arizona prosecution was terminated by voluntary dismissal.

The instant indictment, in the Southern District of Florida, was returned on November 4, 1987. It was based on facts underlying the Arizona indictment, as well as additional facts and evidence uncovered by a Miami Grand Jury. The government has submitted that the factual basis for the two indictments is essentially identical; however, the Miami Grand Jury did hear additional testimony about extrinsic bad acts allegedly committed by the Defendant which would be offered at trial under Rule 404(b), Fed.R.Evid. The Defendant was indicted in Miami for his alleged activities in an importation scheme that lasted from May 1980 to December 1983.

## Discussion

The Defendant has asserted numerous grounds for dismissal of the indictment against him.

### Deprivation of the right to speedy trial under the Sixth Amendment and the Speedy Trial Act.

The Defendant argues that there has been a three-to-four year delay in bringing him to trial in Florida. It has been three years since the Defendant's severance in Arizona and four years since the date of the Arizona indictment. He contends that the delay is attributable solely to the government, and has prejudiced his defense.

An alleged deprivation of the constitutional right to a speedy trial must be considered in the light of four factors:

1) the length of the delay;

2) the reason for delay;

3) the time of the Defendant's assertion of his right to a speedy trial; and

4) the degree of prejudice to the Defendant.

*Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). The length of the delay triggers the above analysis, but there is no inquiry unless there is some presumptively prejudicial delay. *Id.*

■ The three to four year delay alleged by the Defendant is presumptively prejudicial. *United States v. Dennard*, 722 F.2d 1510, 1513 (11th Cir.1984) (fifteen month delay raises presumption of prejudice); *United States v. Edwards*, 577 F.2d 883, 888 (5th Cir.1978), *cert. denied* 439 U.S. 968, 99 S.Ct. 458, 58 L.Ed.2d 427 (1978). Accordingly, the three remaining factors must be considered in turn.

■ The delay in trying the Defendant was originally caused by his severance in Arizona. The Defendant requested the severance so that he could introduce excul-

patory testimony of ARNAIZ, one of his original Codefendants, at a separate trial when ARNAIZ would no longer enjoy a Fifth Amendment privilege.

Because ARNAIZ' original trial in Arizona ended in a mistrial, and respective counsel attempted, through a series of motions and appeals, to avoid retrial, ARNAIZ could not have been tried until mid-December, 1987. Assuming a two-month trial, ARNAIZ would not have been available to testify for the Defendant until mid-February, 1988.

Taking the Defendant at his word, as must be done, and assuming that ARNAIZ was, indeed, needed to exonerate the Defendant, it is apparent that the Defendant would have been forced to delay trial if it had been scheduled to begin before the present time. Thus, the three-to-four year delay was caused by the Defendant's assertion of his right to a severance, compounded by extraneous events outside of the government's control.

The government has stipulated that the Defendant's assertion of his right to a speedy trial on November 11, 1987, was timely as required by the *Barker* analysis.

Turning to the prejudice prong in *Barker*, the Defendant asserts that he has been economically, legally and emptionally prejudiced. When the first three factors of the *Barker* analysis weigh heavily against the government, the Defendant need not show actual prejudice. *United States v. Dennard*, 722 F.2d at 1510, *citing Hill v. Wainwright*, 617 F.2d 375, 379 (5th Cir. 1980), *United States v. Avalos*, 541 F.2d 1100, 1116 (5th Cir.1976), (citations omitted). Conversely, where examination of the first three factors does not reveal that delay was essentially attributable to the government, as in the present case, the Defendant must demonstrate actual prejudice. *See e.g. Dennard, supra* at 1513–1514.

The Defendant has failed to show actual prejudice to his presentation of a material fact or his preparation of a defense. The economic and emotional prejudice complained of, while unfortunate, was caused solely by the Defendant's exercise of his right to a severance, and his desire to have ARNAIZ give exculpatory testimony at a separate trial.

The Defendant also asserts that he has suffered legal prejudice in that he entered into an agreement with the Assistant United States Attorney in Arizona, wherein, there was to be an "open exchange of certain documents both from the government and to the government" (*See* Defendant's Motion to Dismiss, p. 10), and that through this agreement, a good portion of his theory of defense has been revealed. The Assistant United States Attorney in the Southern District of Florida has not entered such an agreement, and this, the Defendant contends, has caused prejudice.

With the exception of certain Rule 404(b) material already disclosed by the government, evidence resulting in the Arizona indictment was identical to that underlying the Miami indictment, thus, giving the Defendant the benefit in Miami of the information disclosed by the government in Arizona. Furthermore, pursuant to the Court's standing discovery order, the government has provided full discovery in the Miami case. It is hard to imagine, and the Defendant has failed to identify, documents he had access to in Arizona, but cannot obtain in Florida.

The Defendant further contends that he has been prejudiced by the government's refusal to stipulate to a severance in the present case; however, the Defendant has yet to submit a Motion for Severance.

 It is appropriate to consider the Defendant's second basis for dismissal at this point. He asserts that the delay in bringing him to trial has caused him actual prejudice because four exculpatory witnesses and a multitude of character witnesses are no longer available to testify. However, "vague assertions of ... lost witnesses without connecting this loss to any material fact in issue" will not suffice to show actu-

al prejudice. *Avalos,* 541 F.2d at 1116. The Defendant's vague assertions fail to make the required connection or showing.

The Defendant has failed to satisfy the requirements outlined in *Barker,* and his Motion to Dismiss based on an unconstitutional deprivation of a speedy trial should be denied.

When computing the date by which a defendant must be brought to trial, 18 U.S.C. § 3161(h)(3)(A) provides that the Court must exclude any delay resulting from the unavailability of an essential witness. The Senate Judiciary Committee report accompanying the bill that became the Speedy Trial Act defined essential witness as one "so essential to the proceeding that continuation without the witness would either be impossible or would likely result in a miscarriage of justice." S.Rep. No. 1021, 93rd Cong., 2d Sess., 37 (1974); *United States v. Eagle Hawk,* 815 F.2d 1213 (8th Cir.1987). Unavailability is defined as occurring when the essential whereabouts are known, but his presence at trial cannot be obtained by due diligence.

According to the Defendant, ARNAIZ was an essential witness. His testimony was mandated to avoid a severe miscarriage of justice. It appears that ARNAIZ' whereabouts have been continually known, but his testimony could not have been obtained, by even the most extraordinary diligence, as long as his Fifth Amendment privilege remained intact, which it did not until his recent plea of guilty. The time subsequent to the Defendant's severance is, therefore, excludible time, and there has been no violation of the Defendant's statutory right to a speedy trial.

*Prejudice due to preaccusatory delay in violation of the United States Constitution.*

With the exception below; this portion of the Defendant's Motion to Dismiss is essentially the same as the first section and has been addressed in the first section of this Report and Recommendation.

The Defendant's contention in this section, that the government has intentionally and recklessly delayed the instant indictment to gain a tactical advantage has no apparent factual support and is without merit.

*Application of the statute of limitations to the conspiracy count.*

■ The instant indictment was returned November 4, 1987, and charges a conspiracy to have been ongoing from May 1980 to December 1983. The latter date is well within the five year statute of limitations within which conspiracy indictments must be returned. *See United States v. Jones,* 816 F.2d 1483, 1487 (10th Cir.1987). The time period requirement is met where the government proves that the conspiracy was in existence within five years of the date of the indictment. *United States v. Butler,* 792 F.2d 1528, 1532 (11th Cir.1986).

The Defendant asserts that his involvement in the conspiracy ended when he was arrested in Florida on a charge which was a predecessor to the instant indictment. However, the fact that he and other alleged conspirators were arrested does not necessarily put an end to the conspiracy. If there is evidence that the conspiracy continued, the arrest of some of the members does not mandate a finding that a separate conspiracy existed, or that the original conspiracy terminated. *See United States v. Varella,* 692 F.2d 1352, 1362 (11th Cir. 1982). In fact, a member of a conspiracy is criminally liable for all acts committed by his co-conspirators which are both foreseeable and committed in furtherance of the conspiracy. *United States v. Coia,* 719 F.2d 1120, 1125 (11th Cir.1983), *cert. denied,* 466 U.S. 973, 104 S.Ct. 2349, 80 L.Ed. 2d 822 (1984) (citation omitted).

■ In this case, some of the coconspirators were arrested by the state of Florida in June 1982. Conspirational activities continued after that time. The indictment alleges that the same core group of conspira-

tors, FALINA ARNAIZ, RAUL RODRI-GUEZ, JAY BANTACOURT, WILLIAM EARLE, BALTAZAR MOZO, NELSON BACALLO and THOMAS DAWSON, were active in the conspiracy, and named in overt acts occurring after the above date.

Although the Defendant is not named in any act occurring after the date of his arrest in Florida, he is still responsible for the subsequent acts of his coconspirators, committed in the furtherance of the conspiracy. As long as the conspiracy with which the Defendant was charged continued, the statute of limitations on his participation in that conspiracy never began to run. *United States v. Benson*, 846 F.2d 1338 (11th Cir.1988). In short, the statute of limitations does not bar the Defendant's prosecution on the conspiracy count.

■ It must now be determined whether the pre-indictment delay nevertheless prejudiced the Defendant's right to a fair trial. *See Stoner v. Graddick*, 751 F.2d 1535 (11th Cir.1985). To succeed on such a claim, the Defendant must show that the delay caused actual prejudice to his defense and that the delay was the product of deliberate action by the government designed to gain a tactical advantage. *United States v. Caporale*, 806 F.2d 1487, 1514 (11th Cir. 1986) (citation omitted). The Defendant has failed to satify either of these tests. (*See* Sections one and two *supra.*) Accordingly, his Motion to Dismiss based on pre-indictment delay should also be DENIED.

*The Defendant asserts that one conspiracy is charged but two conspiracies existed.*

■ The Defendant submits that it is improper to charge one conspiracy where several exist. However, such a determination is primarily for the trier of fact. *See United States v. Rodriguez*, 509 F.2d 1342, 1348 (5th Cir.1975); *United States v. Alberti*, 727 F.2d 1055 (11th Cir.1984). In considering this issue, the Court must examine whether there exists a common goal, a pervasive scheme and an overlapping of participants. *See United States v. Brito*, 721 F.2d 743, 747 (11th Cir.1983).

In the case at bar, there exists a common goal throughout the life of the single conspiracy charged (i.e., the importation of controlled substances into the United States). A common scheme, the transfer of contraband from Columbia or Jamaica to the Bahamas followed by airdrops to boats and subsequent transportation to Florida, is likewise present in the conspiracy charged. Perhaps even more telling is the overlapping of participants throughout the conspiracy's life. (*See* note 4, *supra.*)

Contrary to the Defendant's contention that there was no agreement to carry out an illegal plan or goal, and that there was no interdependence among the participants, the indictment properly charges one, far-reaching conspiracy.

For the foregoing reasons, it is the recommendation of the undersigned that the Defendant's, JOAQUIN FERNANDEZ, Motion to Dismiss be DENIED.

The parties to this action shall have ten (10) days from the date of this Report and Recommendation in which to file objections, if any, with The Honorable Eugene P. Spellman, United States District Judge, Southern District of Florida. Failure to timely file objections shall bar appeal of the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745, 749–50 (11th Cir.1988).

RESPECTFULLY SUBMITTED in Chambers, at Miami, Dade County, Florida this 27 day of July 1988.