UNITED STATES of America, Plaintiff,

v.

**Alfred MAROUN, Defendant.**

**Crim. No. 88–6.**

United States District Court,
D. Massachusetts.

Oct. 31, 1988.

Peter Mullin, Asst. U.S. Atty., for plaintiff.

**6**

Andrew H. Good, Silverglate, Gertner, Good, Fine & Mizner, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

SKINNER, District Judge.

The indictment in this case was returned by the grand jury on January 14, 1988 and filed with the magistrate on January 15, at which time it was sealed by order of the magistrate at the request of the United States Attorney. It remained under seal until the defendant was arrested in the following June. The statute of limitations ran on all of the twenty counts of the indictment while it remained under seal, the last date being February 15, 1988. The statute of limitations had not run on any of the counts as of January 15, 1988.

■ The defendant asserts that the indictment was not "found" within the meaning of 18 U.S.C. § 3282 until it was unsealed, and that, therefore, the indictment is time-barred and must be dismissed. The general rule is that an indictment is "found" when it is returned to the district court notwithstanding the fact that it is subsequently sealed and may not become known to the defendant for some time thereafter. *United States v. Michael*, 180 F.2d 55 (3rd Cir.1949), *cert. denied sub nom., United States v. Knight*, 339 U.S. 978, 70 S.Ct. 1023, 94 L.Ed. 1383 (1950). The filing of an indictment under seal will toll the statute of limitations, however, only when the sealing is ordered for a proper purpose. The defendant argues that so much of Fed.R.Crim.P. 6(e)(4) which provides that an indictment may be kept secret "until the defendant is in custody or has been released pending trial" limits the sealing of an indictment to situations where sealing is required to prevent the defendant from fleeing the jurisdiction before he can be apprehended. Although there are cases which support that proposition, in my opinion the better and prevailing rule is that an indictment may be sealed for any proper purpose in the sound discretion of the court, i.e., the magistrate. *United States v. Michael, supra; United States v. Southland Corporation*, 760 F.2d 1366 (2d Cir.1985).

While both of the cited cases say that the propriety of sealing is addressed to the sound discretion of the magistrate, the Court of Appeals for the Second Circuit has held that there need be no record before the magistrate of the reason for sealing, and, indeed, that the prosecutor's reason for requesting secrecy need not even be revealed to the magistrate. *United States v. Srulowitz*, 819 F.2d 37 (1987). As a matter of fact, in *United States v. Michael, supra,* the seminal case on the sound discretion of the court, it also appears that the prosecutor's reason for secrecy was not communicated to the magistrate. *United States v. Southland Corporation*, 760 F.2d at 1379, n. 5.

The only case in this circuit bearing even remotely on the point is *United States v. Cosolito*, 488 F.Supp. 531 (D.Mass.1980). In that case the prosecutor did make a representation to the magistrate that secrecy was required in order to protect an ongoing investigation. Evidence later developed disclosed that this representation was without basis in fact. Chief Judge Caffrey held that the discrepancy between the prosecutor's representation and the facts later disclosed required the dismissal of the indictment, the statute of limitations having run between the date of the secret filing and the date when the indictment was unsealed.

In the present case the Assistant United States Attorney requested that the indictment be sealed because he believed it was necessary to protect an ongoing investigation. He handed up the indictment to the magistrate with a request that it be sealed without any explanation, and there is no record of the magistrate's reason for her order sealing the indictment.

The defendant asserts that there was, in fact, no necessity to protect an ongoing investigation because the investigation had already become public. Under *Cosolito*, he argues, the indictment must be dismissed. There is some basis for his assertion, but establishment of the facts in the case

would require an evidentiary hearing. In my view, however, there is a more fundamental reason why *Cosolito* requires dismissal of the indictment.

 With all respect to the weighty authority of the second and third circuit courts of appeal, I can not understand how a request can be addressed to the sound discretion of the magistrate if she is not informed as to the reason for the request or the facts in support of it. Furthermore, when a request for sealing is made without explanation, it is more than mere silence. In my opinion it is an implicit representation that the request is being made for the ordinary purpose of preventing the flight of the defendant before he can be apprehended. This would have been my assumption if the return had been made before me. I am confirmed in my belief that the magistrate made the same assumption by the fact that she placed no limit of time on the sealing. Secrecy to prevent the flight of the defendant before apprehension is self-limiting by the terms of Fed.R. Crim.P. 6(e)(4) quoted above, but sealing for the purpose of protecting some other investigation would ordinarily have to be limited in time as a matter of due process. The prosecutor concedes that there was no need to impound the indictment to prevent the flight of the defendant.

I conclude, therefore, that not only was the magistrate given no opportunity to exercise her discretion, but that a representation was implicitly made to her which was, in fact, false. In my opinion *Cosolito* requires the dismissal of the indictment, and it is, accordingly, so ordered.