**UNITED STATES of America, Appellee,**

v.

**Robert Clay LAKIN, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**William JOHNSON, Appellant.**

Nos. 88–1998, 88–2262.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1989.

Decided May 15, 1989.

Gary Corum and Jack T. Lassiter, Little Rock, Ark., for appellants.

Terry L. Derden, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and BRIGHT, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Robert Lakin and William Johnson (defendants) were convicted of conspiracy to import marijuana in violation of 21 U.S.C. § 963. They appeal the district court's [1] denial of their motion to dismiss the indictment, contending that it was not found within the five-year limitations period established by 18 U.S.C. § 3282. We affirm.

## I.

On October 19, 1987, the grand jury returned a two-count indictment charging Lakin, Johnson, and others with conspiracy to import marijuana in violation of 21 U.S.C. § 963 (Count I) and conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. § 846 (Count II). When the indictment was returned, the magistrate [2] granted the government's request that the indictment be sealed. The indictment was unsealed 93 days later, on January 20, 1988.

Defendants pleaded not guilty and thereafter moved to dismiss the indictment. The conspiracies alleged in the indictment had ended on November 22, 1982.[3] Defendants argued that because the indictment returned on October 19, 1987, was not properly sealed, it did not toll the five-year limitations period, *see* 18 U.S.C. § 3282,[4] which had expired by the time the indictment was unsealed on January 20, 1988. The district court conducted a hearing on the matter and determined that the indictment was properly sealed and that it therefore tolled the statute of limitations. Thus, the court denied defendants' motion to dismiss the indictment.

Defendants subsequently entered a plea agreement, under which the government

1. The Honorable Garnett T. Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

2. The Honorable Henry L. Jones, Jr., United States Magistrate for the Eastern District of Arkansas.

3. The government contends that the conspiracies actually continued until January 31, 1983. The district court found this contention unpersuasive, but did not have to resolve the issue because it concluded that dismissal of the in-

dictment was not warranted even if the earlier date was used. Therefore, we also will assume, without deciding, that the conspiracies ended on November 22, 1982.

4. Section 3282 states: "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

agreed to dismiss Count II of the indictment. In return, defendants entered conditional pleas of nolo contendere to Count I of the indictment, expressly reserving the right to appeal the district court's denial of their motions to dismiss the indictment. The district court[5] entered judgments of guilty, and this appeal followed.

## II.

A magistrate to whom an indictment is timely returned may direct that it be sealed. Fed.R.Crim.P. 6(e)(4). When an indictment is properly sealed, the date of return, rather than the date of unsealing, ordinarily is the time that the indictment is found for purposes of section 3282. *See United States v. Srulowitz,* 819 F.2d 37, 40 (2d Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 156, 98 L.Ed.2d 111 (1987); *United States v. Ramey,* 791 F.2d 317, 320 (4th Cir.1986); *United States v. Muse,* 633 F.2d 1041, 1041 (2d Cir.1980) (en banc), *cert. denied,* 450 U.S. 984, 101 S.Ct. 1522, 67 L.Ed.2d 820 (1981). Defendants do not take issue with the above premises; they concede that if the indictment was properly sealed on October 19, 1987, no statute of limitations problem exists. They contend instead that the indictments were not sealed in compliance with rule 6(e)(4), and therefore the statute of limitations was not tolled.

### A.

■ Rule 6(e)(4) provides:

The federal magistrate to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial. Thereupon the clerk shall seal the indictment and no person shall disclose the return of the indictment except when necessary for the issuance and execution of a warrant or summons.

Several courts have held that reasons other than taking the defendant into custody may support the sealing of an indictment.

*See Ramey,* 791 F.2d at 320–21; *United States v. Edwards,* 777 F.2d 644, 647–78 (11th Cir.1985), *cert. denied sub nom., Bolden v. United States,* 475 U.S. 1123, 106 S.Ct. 1645, 90 L.Ed.2d 189 (1986); *United States v. Southland Corp.,* 760 F.2d 1366, 1379–80 (2d Cir.), *cert. denied,* 474 U.S. 825, 106 S.Ct. 82, 88 L.Ed.2d 67 (1985); *United States v. Michael,* 180 F.2d 55, 57 (3d Cir.1949), *cert. denied sub nom., United States v. Knight,* 339 U.S. 978, 70 S.Ct. 1023, 94 L.Ed. 1383 (1950). They hold that the magistrate may grant the government's motion to seal an indictment for any legitimate prosecutorial need. *See Ramey,* 791 F.2d at 321.

The government asserted before the district court that it asked the magistrate to seal the indictment because although it had probable cause to indict defendants, it needed more time to gather additional evidence to determine whether the case should be pursued. The district court found this reason to be legitimate, and defendants do not challenge this determination on appeal. Instead, they urge us to depart from the reasoning in the above-cited cases and hold that an indictment may be sealed only to facilitate an arrest. We decline to so hold.

The first case to address this issue was *Michael,* where the Third Circuit held that if secrecy may be imposed during the time required to take the defendant into custody, nothing is unlawful in the court imposing secrecy in other circumstances calling for such action. 180 F.2d at 57.

In *Southland,* the next case to address this issue, the Second Circuit undertook a historical analysis of the rule and reached the same conclusion. The court first noted that the notes of the Advisory Committee written when rule 6(e) was adopted state that "[t]he * * * sentence authorizing the court to seal indictments continues present practice." 760 F.2d at 1379. The court then undertook an extensive investigation into what the practice was at the time rule 6 was written. The court determined that the practice was to permit the sealing of

---

**5.** The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

indictments for reasons other than obtaining custody and that rule 6 was not meant to restrict that practice. *Id.* at 1379–80. The court went on to note that the Federal Rules of Criminal Procedure were not meant to be exhaustive, and concluded that there was "no reason for disagreeing with the *Michael* decision, rendered only three years after adoption of the Rule, a time when the intention of the framers was far better known than it now can be." *Id.* at 1380.

The *Southland* court's reasoning has been adopted by two other courts of appeals. *See Edwards,* 777 F.2d at 647–48 (Eleventh Circuit); *Ramey,* 791 F.2d at 320–22 (Fourth Circuit). Agreeing with those holdings, we hold that a judicial officer may grant the government's request to seal an indictment for any legitimate prosecutorial objective or where the public interest otherwise requires it. Because the indictment in question was sealed for a legitimate prosecutorial objective, we reject defendants' first argument.

### B.

 Defendants' alternative argument is that the magistrate did not properly exercise his discretion in ordering the indictment sealed. On October 19, 1987, the grand jury reported ten true bills, and the following exchange took place:

THE COURT: * * * Are there any special instructions with any of the returns?

[THE PROSECUTOR]: Your Honor, one of them we have asked to be sealed at this time, and the foreperson has put a note on there to be opened at the direction of the U.S. Attorney and signed it, and we'll ask that it be sealed. The others will be ready for normal processing.

THE COURT: All right.

Defendants argue that dismissal of the indictment was required because the government did not show a legitimate prosecutorial need prior to the indictment's sealing and because the magistrate never formally ordered the clerk to seal the indictment. We do not agree.

The Second Circuit recently had occasion to consider whether the government must make an on-the-record showing of a legitimate prosecutorial need *prior* to the sealing of an indictment. In *Srulowitz,* the district court dismissed the indictment for lack of a contemporaneous account of the basis for the magistrate's decision. 819 F.2d at 41. Because we agree with the Second Circuit's reasoning in reversing the district court, we quote its opinion at length:

No statute, rule or precedent establishes specific procedures to be followed by the Magistrate prior to the sealing of an indictment. Certainly, there is no requirement that a record be made of the proceedings culminating in the direction to seal. The fact that Rule 6(e)(4) "place[s] sealing in the hands of a judicial officer rather than . . . in those of a prosecutor," *Southland,* 760 F.2d at 1380, lends no support to the argument that a contemporaneous record must be made, since sealing in the first instance is but a ministerial act, and it is wholly within the discretion of the Magistrate whether to require the prosecutor to justify a request to seal. A defendant's right to challenge the propriety of the sealing is fully protected by affording him the right to a hearing *after* the indictment is opened to public inspection. At that time, the government, if challenged, must demonstrate legitimate prosecutorial purposes for the secrecy of the indictment, and the defendant is entitled to show "substantial, irreparable, actual prejudice" arising from the decision to seal. [*Edwards,* 777 F.2d at 649.]

The parties generally involved in sealing an indictment—the Magistrate and the United States Attorney—recognize the dangers of a prematurely disclosed indictment and operate with them in mind. The Magistrate here obviously so acted and needed no detailed statement of the reasons why the United States wished to have the indictment sealed. Nor was a contemporaneous record otherwise required. Indeed, it is difficult to imagine any circumstances where any purpose would be served by keeping and making a record. On the contrary, the

very making and keeping of any record might simply increase the chances of premature disclosure. Consequently, we see no need for the United States Attorney to do more in the first instance than to make a request that the indictment be sealed. A simple request for secrecy by the prosecutor, whether recorded or unrecorded, is sufficient to invoke the Magistrate's authority to direct sealing. Of course, "great deference" is to be accorded to the discretion of the Magistrate in the exercise of that authority. *Id.* at 648; *Southland*, 760 F.2d at 1380.

*Id.*

Here, the government made its required showing at the hearing held after the indictment was unsealed, and defendants did not show substantial, irreparable, actual prejudice arising from the decision to seal. Thus, under *Srulowitz*, defendants' right to challenge the propriety of the sealing was fully protected. We also reject defendants' contention that the magistrate's informal response to the government's request was insufficient to seal the indictment. Because the indictment was properly sealed, the statute of limitations did not bar prosecution.

We affirm the district court's denial of defendants' motions to dismiss the indictment. Accordingly, defendants' convictions are affirmed.