**UNITED STATES of America,**

v.

**Lionel LALIBERTE, Joanne Laliberte.**

**Crim. No. 90–10078–Z.**

United States District Court,
D. Massachusetts.

April 12, 1990.

---

## FURTHER ORDER

ROBERT B. COLLINGS, United States Magistrate.

Reference is made to the Order issued yesterday afternoon wherein I sealed the indictment in the above-styled case pending a decision as to whether the indictment should be sealed for any longer period.

The Government has requested that I seal the indictment pursuant to Rule 6(e)(4), Fed.R.Crim.P., for reasons which do not appear on the face of that rule. It is evident that the requested sealing will extend beyond the expiration of the statute of limitations, but it is unknown how long beyond the expiration of the statute of limitations the sealing will be in effect.

 I have no doubt, based on case law, that I have the power to grant the Government's request. However, although the First Circuit does not seem to have spoken on the subject, a reading of the two decisions from this Court on the subject, i.e. *United States v. Cosolito*, 488 F.Supp. 531 (D.Mass., 1979) and *United States v. Maroun*, 699 F.Supp. 5 (D.Mass.1988), reveals that the law in this District is quite different from the law elsewhere. *See* e.g. *United States v. The Southland Corporation*, 760 F.2d 1366, 1378–81 (2 Cir., 1985); *United States v. Edwards*, 777 F.2d 644, 647–50 (11 Cir., 1985); *United States v. Ramey*, 791 F.2d 317, 320–23 (4 Cir., 1986); *United States v. Srulowitz*, 819 F.2d 37, 40–41 (2 Cir., 1987); *United States v. Lakin*, 875 F.2d 168, 171–72 (8 Cir., 1989). The decisions from courts of appeals other than the First Circuit seem to indicate that all the Government has to do is ask to have an indictment sealed and the Magistrate then should exercise his or her discretion. The Second Circuit speaks of the Magistrate performing a "ministerial act" yet indicates that "great deference" is to be accorded to the Magistrate's exercise of discretion. *United States v. Srulowitz, supra,* 819 F.2d at 41; *United States v. Lakin, supra,* 875 F.2d at 171–72. I always thought that a "ministerial act" was, by definition, one in which the officer had no discretion.

As Judge Skinner points out in the *Maroun* decision, it is somewhat strange to rely on a Magistrate's discretion when the Government merely asks and gives no reason for sealing or provides a very general reason, such as "unsealing the indictment at this time will jeopardize an ongoing criminal investigation." In reality, the Magistrate is really given no basis on which to exercise discretion except to see if the Assistant U.S. Attorney says the magic words.

On the basis of the present law of this District, I rule that the Government cannot obtain the sealing of an indictment for a reason other than that contained in Rule 6(e)(4), Fed.R.Crim.P., without giving the Magistrate a detailed factual basis on which to exercise his or her discretion. This detailed factual basis may be in the form of an affidavit by the Assistant United States Attorney but the affidavit must contain the essential facts which form the basis of the Government's reasons for requesting the sealing and some reasonable estimate as to when the Government will be able to request that the indictment be unsealed.

Of course, the affidavit or affidavits may be filed on an *ex parte* basis and will be sealed upon filing.

Accordingly, it is ORDERED that the indictment remain sealed at least until 12 Noon on Friday, April 13, 1990 to enable the Government to prepare and file the affidavit or affidavits. Upon receipt of the affidavits, I shall exercise my discretion and determine whether the indictment shall remain sealed. If no affidavits are filed by 12 Noon on Friday, April 13, 1990, I shall order that the indictment be unsealed.