*586 OPINION
WEIS, Circuit Judge.
Defendant Tabari Malik Zahir appeals the denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct the sentence. He contends that trial counsel was ineffective for failing to move to dismiss the indictment on Speedy Trial grounds. We will affirm.
Defendant was arrested and detained on November 7, 2003, while attempting to transport more than 50 kilograms of cocaine across the country. A criminal complaint was filed two days later. On December 3, 2003, the grand jury returned an indictment against defendant. The indictment was sealed that day on the Government’s motion, which stated, “if the Indictment is made public prior to the arrest[] of the defendant, there is a risk that he will flee the jurisdiction, thereby hindering the execution of the arrest warrant [1]
On the following day, the Government filed a Supplemental Motion to Impound Indictment, setting forth two bases for sealing that document. First, “[t]he nature of the defendant’s past and anticipated future cooperation may expose him to possible retaliation by persons not yet arrested.” Second, “[cjurrent investigations by federal law enforcement authorities might be compromised if the fact of this defendant’s cooperation is made public during the on-going investigation.”
Defendant contends that he advised the Government on January 8, 2004, that he would not cooperate with the investigation of his alleged crime. The Government asserts that it learned of that decision sometime after that date. In any event, no conspirators have yet been identified or arrested in conjunction with the defendant’s drug-related activities.
On March 10, 2004, defense counsel moved to dismiss the November 7, 2003, criminal complaint and warrant on Speedy Trial grounds, in that defendant had been arrested, but not (to counsel’s knowledge) indicted, well past the 30-day time frame dictated by the Speedy Trial Act. The Government did not file a response to that motion. On March 15, 2004, five days after the motion was filed, a magistrate judge granted the motion and ordered that defendant be released. We assume that the magistrate judge was not aware of the sealed indictment, although the record is silent on that point.[2]
On April 27, 2004, the Government moved to vacate the order dismissing the criminal complaint. That motion was granted on April 29, and a bench warrant was issued shortly thereafter. Defendant had left the jurisdiction, however, and was not apprehended until November 2004.
After his arrest, defendant was removed to the Eastern District of Pennsylvania and, on December 16, 2004, the indictment previously returned against him was unsealed. Shortly thereafter, defendant was arraigned and pleaded not guilty. After two continuances, one of which was requested by defense counsel, defendant was tried by a jury and found guilty on all *587 counts. His conviction and sentence were upheld on appeal.
In his present § 2255 motion, defendant argues that trial counsel’s failure to challenge the Government’s December 2003 motion to seal the indictment amounted to ineffective assistance, because it allowed an impermissible toll of the “Speedy Trial” clock. As a result, trial counsel was precluded from moving to dismiss the indictment.[3] More specifically, defendant contends that both his attorney and the Government were aware that he had no intention of assisting with the investigation, and, therefore, trial counsel was ineffective for not challenging that basis of the Government’s motion to seal. The District Court rejected the defendant’s petition. This timely appeal followed.
In order to demonstrate ineffective assistance, defendant must show that counsel’s performance was both deficient and prejudicial to the defense. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The deficiency alleged must be significant and fundamental, essentially amounting to a deprivation of counsel. See id. It must also be shown that, but for this deficiency, a reasonable probability exists that the outcome of the trial would have been different. See id. at 693-95,104 S.Ct. 2052.
We have held that “[a]n indictment may be sealed for any legitimate law enforcement reason or where the public interest requires it.” United States v. DiSalvo, 34 F.3d 1204, 1218 (3d Cir.1994) (citing United States v. Michael, 180 F.2d 55, 57 (3d Cir.1949)). “The protection of [defendant] and the need to avoid compromising an ongoing investigation fall[ ] within the range of permissible reasons for sealing an indictment.” United States v. Wright, 343 F.3d 849, 858 (6th Cir.2003); DiSalvo, 34 F.3d at 1219 (government need not “prove a distinct legitimate prosecutorial interest relating to each defendant named in an indictment to justify” sealing).
Most courts of appeals have reached the same conclusion. See, e.g., United States v. Sharpe, 995 F.2d 49, 52 (5th Cir.1993) (indictment properly sealed when the government request is based on any legitimate prosecutorial objective or where the public interest otherwise requires it); United States v. Richard, 943 F.2d 115, 118-19 (1st Cir.1991) (same); United States v. Lakin, 875 F.2d 168, 171 (8th Cir.1989) (same); United States v. Srulowitz, 819 F.2d 37, 40 (2d Cir.1987) (“there are various legitimate prosecutorial objectives ... that will justify the sealing of an indictment”); United States v. Ramey, 791 F.2d 317, 321 (4th Cir.1986) (motion to impound indictment may be granted “for any legitimate prosecutorial need”).
The Government’s December 4, 2003, motion to seal the indictment cited the same law enforcement reasons found to be legitimate in DiSalvo and Wright. In addition, nothing in the record demonstrates when — or if — defense counsel became aware of the sealed indictment prior to the Government’s objection to the defendant’s release. That motion was filed in April 2004, approximately one month after defendant had been freed.
Under the circumstances, we conclude that trial counsel’s failure to challenge the Government’s motion to seal the indictment does not amount to “ineffective assistance.” Nothing in the Speedy Trial Act, 18 U.S.C. § 3161 et seq., warrants a different result.
*588 Even if defendant had shown that the alleged deficiency was of the magnitude necessary for § 2255 relief, he still has not demonstrated that such an error would have led to a dismissal with prejudice. In determining whether to dismiss a case for Speedy Trial Act violations “with or without prejudice,” courts must consider “the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.” 18 U.S.C. § 3162(a)(1). Defendant has not addressed these factors, let alone demonstrated any likelihood that they would have resulted in a dismissal with prejudice.
Accordingly, the District Court’s order will be affirmed.

. As defendant was incarcerated at the time the indictment was returned, it appears that this motion was filed erroneously. The Government’s Supplemental Motion to Impound Indictment, filed the following day, supports that inference.

. We are puzzled by the fact that apparently neither the District Court’s information system nor the U.S. Attorney's Office advised the magistrate judge that an indictment had been returned. This administrative misstep is not material to this matter, and we assume that appropriate steps have been taken to avoid repetition of this turn of events.

. The defendant’s initial motion for § 2255 relief alleged two Speedy Trial violations, one beginning in November 2003, the second in November 2004. Only the first claimed violation is before us on appeal.