**UNITED STATES of America,
Appellant,**

v.

**Abraham SRULOWITZ,
Defendant-Appellee.**

**No. 775, Docket 86–1446.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 10, 1987.
Decided May 15, 1987.

Peter A. Norling, Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., Jane Simkin Smith, Sp. Asst. U.S. Atty., Brooklyn, N.Y., of counsel) for appellant.

Nathan Z. Dershowitz, New York City (Victoria B. Eiger, Dershowitz & Eiger, P.C., New York City, Alan M. Dershowitz, Cambridge, Mass., of counsel) for defendant-appellee.

Before LUMBARD, KEARSE and MINER, Circuit Judges.

MINER, Circuit Judge:

The government appeals from an order entered in the United States District Court for the Eastern District of New York (Glasser, J.) dismissing an indictment charging defendant-appellant Abraham Srulowitz in one count with violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* (1982 & Supp. III 1985). The district court held that the indictment was not found within the five-year limitations period fixed by 18 U.S.C. § 3282 (1982). The court determined that the indictment was found on the date it was unsealed rather than on the date it was filed. This determination was predicated solely upon the lack of a contemporaneous record of the government's application to the Magistrate for sealing. Finding no requirement for a contemporaneous record of proceedings relating to the sealing of an indictment, we reverse and remand to the district court to decide, in accordance with our prior remand, whether

the sealing was informed by proper prosecutorial objectives.

## BACKGROUND

The two-count indictment originally returned against Srulowitz charged him with the RICO violation in count one and mail fraud, in violation of 18 U.S.C. § 1341 (1982), in count two. The indictment was handed up on May 11, 1983 and was ordered sealed on the same day by Magistrate Scheindlin at the request of Assistant United States Attorney Max Sayah, now a Judge of the Criminal Court of the City of New York. No record was made of the proceedings before the Magistrate, and no papers in support of the application for sealing were submitted. According to the testimony of Judge Sayah at the hearing below, it was the normal practice of the United States Attorney's office not to give any explanation for such a request, and reasons for the sealing "probably" were not presented to the Magistrate in this case.

On July 12, 1983, the indictment was unsealed and Srulowitz was arraigned. In the RICO charge alleged in count one of the indictment, Srulowitz was accused of participating in an arson-for-profit scheme involving the burning of four sets of properties in order to collect the proceeds of fire insurance. In the mail fraud charge alleged in count two of the indictment, Srulowitz was accused of causing a letter to be mailed on September 23, 1978 in furtherance of the arson scheme. Following a jury trial, Srulowitz was convicted on both counts and sentenced to six years' imprisonment on count one and five years' probation on count two.

On appeal, a panel of this Court reversed the conviction on count two, finding that there was no proof of mailing of a letter on September 23, 1978, and remanded for a new trial on count one because the government had withheld exculpatory material. *United States v. Srulowitz*, 785 F.2d 382 (2d Cir.1986). With the elimination of the September 23, 1978 mailing as a predicate for racketeering activity, the panel also recognized the viability of a statute of limi-

tations defense on remand, since a letter allegedly mailed on June 6, 1978 in connection with the scheme was the last timely predicate act:

> The question for decision on remand is what date should be considered the date the indictment was "found" within the meaning of § 3282. If that date is the date on which the indictment was returned, the RICO count as pleaded is not barred by the statute of limitations because the alleged mailing of the June 6, 1978 letter occurred less than five years before the May 11, 1983 return. If, however, the date on which the indictment is "found" is considered to be the date on which the indictment was unsealed, *i.e.*, July 12, 1983, the RICO count must be dismissed because the alleged June 6, 1978 mailing occurred more than five years prior to that date.

*Id.* at 390–91. The panel noted that, where sound discretion dictates the sealing of an indictment, the date of return, rather than the date of unsealing, is controlling for statute of limitations purposes. It concluded that "[s]uch an exercise of discretion may be warranted for a number of proper prosecutorial purposes or where the public interest otherwise requires the sealing." *Id.* at 391.

On remand, the district court conducted a hearing to determine whether there was a sound basis to seal the indictment. The government argued that it was constrained to conceal the fact that Srulowitz was indicted while it attempted to locate him and to secure the cooperation of a crucial witness. In support of its argument, the government adduced testimony from Judge Sayah and Special Agent Frank Napoli of the Treasury Department. Srulowitz called, as his witnesses at the hearing, Joseph Bald, who previously had been convicted for his part in the arson scheme, and Jay Hodes, a fire insurance adjuster retained to negotiate the adjustment of insurance claims generated by the scheme. Srulowitz argued that the reasons advanced by the government for the sealing were pretextual in nature and that the Magistrate

had no basis whatsoever for ordering that the indictment be sealed.

Rather than evaluating the testimony presented at the hearing to determine the adequacy of the reasons for sealing given by the government, the district court held that "the failure of the government to make a record of its application to the magistrate mandates a holding that the indictment was not found until it was unsealed on July 12, 1983." *United States v. Srulowitz*, 649 F.Supp. 959, 964 (E.D.N.Y. 1986). Accordingly, the court dismissed the remaining count of the indictment, because "no predicate act in the RICO count took place during the limitations period." *Id.* We reverse and remand to the district court with instructions to comply with the directions included in our prior remand.

## DISCUSSION

■ The statute of limitations applicable to the prosecution at bar provides as follows:

> [N]o person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

18 U.S.C. § 3282. For the purpose of tolling the statute of limitations, an indictment is "found" when it is returned by the grand jury and filed. *United States v. Villa*, 470 F.Supp. 315 (N.D.N.Y.1979); *see United States v. Cerilli*, 428 F.Supp. 801, 808 (W.D.Pa.), *aff'd*, 558 F.2d 697 (3d Cir.), *cert. denied*, 434 U.S. 966, 98 S.Ct. 507, 54 L.Ed.2d 452 (1977); Fed.R.Crim.P. 6(f). Accordingly, when a sealed indictment is not opened until after the expiration of the time allowed by the statute of limitations for the prosecution of an offense, the statute ordinarily is not a bar to prosecution if the indictment was timely filed. *United States v. Muse*, 633 F.2d 1041 (2d Cir.1980) (en banc), *cert. denied*, 450 U.S. 984, 101 S.Ct. 1522, 67 L.Ed.2d 820 (1981). However, when the defendant can demonstrate substantial actual prejudice occurring between the date of sealing and the date of unsealing, the expiration of the limitations period before the latter event warrants dismissal of the indictment. *Id.* at 1042. In such a case the indictment is not considered "found" until it is unsealed.

■ The authority of the court to maintain the secrecy of an indictment is conferred by Rule 6(e)(4) of the Federal Rules of Criminal Procedure:

> The federal magistrate to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial. Thereupon the clerk shall seal the indictment and no person shall disclose the return of the indictment except when necessary for the issuance and execution of a warrant or summons.

Where the prosecution can demonstrate that the decision to keep an indictment secret is informed by the exercise of sound discretion in the public interest, the date of return, rather than the date of unsealing, will establish the time the indictment is "found." *United States v. Southland Corp.*, 760 F.2d 1366, 1379–80 (2d Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 82, 88 L.Ed.2d 67 (1985); *see Srulowitz*, 785 F.2d at 391. We have held that there are various legitimate prosecutorial objectives, including, but not limited to, the facilitation of arrest, that will justify the sealing of an indictment. *Id.*

Here, the defendant was unable to demonstrate any prejudice arising from the sealing of his indictment and occurring during the period between sealing and unsealing. He was content merely to challenge the government's assertion that secrecy was necessary while it sought to ascertain his whereabouts and to secure the cooperation of an important witness in his case. Although the government's witnesses testified that Srulowitz's location was unknown, there is evidence in the record that he was at all pertinent times living in Monsey, New York, and easily could have been found there. As to the government's evidence that the public filing of an indictment against Srulowitz would have foiled its attempts to secure the surrender of Kenneth

Aska, a fugitive, defendant asserts that the government failed to demonstrate how this would be so.

The district court did not determine whether the government had proved that the decision to seal was impelled by proper prosecutorial purposes. Instead, the court declined to review the evidence presented at the hearing because a "reviewing court [must] have before it a contemporaneous account of the basis for the magistrate's decision, and not merely a *post hoc* rationalization." *Srulowitz*, 649 F.Supp. at 964. In the absence of "a contemporaneous account," the district court concluded that the indictment was not "found" until it was unsealed after the expiration of the limitations period.

■ No statute, rule or precedent establishes specific procedures to be followed by the Magistrate prior to the sealing of an indictment. Certainly, there is no requirement that a record be made of the proceedings culminating in the direction to seal. The fact that Rule 6(e)(4) "place[s] sealing in the hands of a judicial officer rather than ... in those of a prosecutor," *Southland*, 760 F.2d at 1380, lends no support to the argument that a contemporaneous record must be made, since sealing in the first instance is but a ministerial act, and it is wholly within the discretion of the Magistrate whether to require the prosecutor to justify a request to seal. A defendant's right to challenge the propriety of the sealing is fully protected by affording him the right to a hearing *after* the indictment is opened to public inspection. At that time, the government, if challenged, must demonstrate legitimate prosecutorial purposes for the secrecy of the indictment, and the defendant is entitled to show "substantial, irreparable, actual prejudice" arising from the decision to seal. *United States v. Edwards*, 777 F.2d 644, 649 (11th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 1644, 90 L.Ed.2d 189 (1986).

■■ The parties generally involved in sealing an indictment—the Magistrate and the United States Attorney—recognize the dangers of a prematurely disclosed indictment and operate with them in mind. The Magistrate here obviously so acted and needed no detailed statement of the reasons why the United States wished to have the indictment sealed. Nor was a contemporaneous record otherwise required. Indeed, it is difficult to imagine any circumstances where any purpose would be served by keeping and making a record. On the contrary, the very making and keeping of any record might simply increase the chances of premature disclosure. Consequently, we see no need for the United States Attorney to do more in the first instance than to make a request that the indictment be sealed. A simple request for secrecy by the prosecutor, whether recorded or unrecorded, is sufficient to invoke the Magistrate's authority to direct sealing. Of course, "great deference" is to be accorded to the discretion of the Magistrate in the exercise of that authority. *Id.* at 648; *Southland*, 760 F.2d at 1380. Here, the district court declined to review the reasons for sealing advanced by the prosecution on the erroneous assumption that a contemporaneous record of the application was required.

## CONCLUSION

The order of dismissal entered by the district court is reversed. On remand, the district court is to determine, in accordance with the foregoing, the date on which the indictment was found. If it is determined that the indictment was found at the time of filing, retrial should proceed in accordance with our prior remand. If it is determined that the indictment was found when it was unsealed, the indictment should be dismissed. Jurisdiction is retained for the limited purpose of allowing the parties the opportunity to appeal from the district court's determination regarding the date on which the indictment was found.