**UNITED STATES of America**

v.

**Abraham SRULOWITZ.**

**No. CR–83–217.**

United States District Court,
E.D. New York.

Feb. 9, 1988.

Nathan Dershowitz, Dershowitz & Eiger, New York City, for Srulowitz.

Peter Norling, Asst. U.S. Atty., for U.S.

### MEMORANDUM AND ORDER

GLASSER, District Judge:

The procedural history of this case is fully set forth in 649 F.Supp. 959 (E.D.N.Y. 1986) and 819 F.2d 37 (2d Cir.1987). Familiarity with that history is presumed. The questions to be determined by this Court are: (1) was the indictment against this defendant found when it was filed or when it was unsealed; and (2) does one timely predicate act suffice to satisfy the statute of limitations in a RICO case?

### I. *When Was the Indictment Found?*

■ The date on which an indictment is found has significance for purposes of the statute of limitations. The general rule in this connection is provided by 18 U.S.C. § 3282 as follows:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is *found* or the information is instituted within five years next after such offense shall have been committed. (emphasis added)

The word "found" is not defined and not a clue is to be discovered in any other rule or statute as to its meaning. In surprisingly few decisions in which the precise issue was considered, it was held that an indictment is found within the meaning of the statute when it has been returned by the grand jury and filed. In *United States v. Niarchos,* 125 F.Supp. 214 (D.C.1954) the alleged offense was committed on June 26 and July 25, 1950. An indictment was filed and sealed on April 23, 1953, less than three years after the commission of the alleged offense. The indictment was unsealed on February 23, 1954 more than three years after the alleged offense. The defendant contended that the indictment was not found until it was unsealed and should therefore have been dismissed as being beyond the three year statute of limitations. The court framed the questions as follows: "... is ... an indictment ... 'found' when it is filed in open court even though it remains sealed." 125 F.Supp. at 232. In answering the question affirmatively, the court relied upon *United States v. Michael,* 180 F.2d 55 (3rd Cir. 1949), *cert. denied,* 339 U.S. 978, 70 S.Ct.

1023, 94 L.Ed. 1383 (1950). In addressing the defendant's argument that since the sealed indictment was not opened within three years after the alleged offense was committed it was not "found" within the three year statute of limitations, the court said:

> We do not agree. The finding of an indictment is the function of the grand jury ... when the grand jury has found an indictment to be a true bill it has completed its action thereon by returning the indictment, duly endorsed as a true bill by its foreman, to the district court, in open session, its function has been fulfilled. The indictment has been "found" within the meaning of the statute of limitations regardless of what the district court may thereafter do or fail to do with respect thereto.

180 F.2d at 56. A similar result was reached in *United States v. Villa*, 470 F.Supp. 315 (N.D.N.Y.1979).

The additional gloss upon that principle is that "when the defendant can demonstrate substantial actual prejudice occurring between the date of sealing and the date of unsealing, the expiration of the limitations period before the latter event warrants dismissal of the indictment." *United States v. Srulowitz*, 819 F.2d 37, 40 (2d Cir.1987); *United States v. Muse*, 633 F.2d 1041 (2d Cir.1980) (en banc), *cert. denied*, 450 U.S. 984, 101 S.Ct. 1522, 67 L.Ed. 2d 820 (1981). In this case, the time elapsed between the sealing and the unsealing of the indictment was relatively short, approximately 60 days. The defendant has failed to establish that he suffered any prejudice by virtue of that brief period during which the indictment was sealed.

The defendant contends that the date of return rather than the date of unsealing fixes the time the indictment is "found" only when the prosecution can show that the decision to seal the indictment was prompted by the exercise of a sound discretion in the public interest. He further contends that the prosecution failed to make that showing and therefore it must follow that the indictment was "found" when it was unsealed.

In *United States v. Slochowsky*, 575 F.Supp. 1562 (E.D.N.Y.1983) (Bartels, J.) the court reviewed at some length the events leading up to the sealing of indictments in which related defendants were named, concluding that the prosecutor had a good faith, reasonable basis for sealing them. As to this defendant, Srulowitz, the court also found "that the Government acted reasonably and in good faith in requesting sealing based on the need to take Srulowitz into custody." 575 F.Supp. at p. 1568. In *United States v. Srulowitz*, 785 F.2d 382 (2d Cir.1986), the conviction of Srulowitz on the RICO count was vacated and the matter was remanded to the district court to determine the date on which the indictment was "found" within the meaning of 18 U.S.C. § 3282. In this regard, the Court noted that "Srulowitz may wish to pursue a statute of limitations defense related to the propriety of the sealing of the indictment." That observation was made after the Court indicated that "Srulowitz apparently did not argue to the district court that the sealing of the indictment against him was the result of prosecutorial abuse or other improper exercise of discretion." 785 F.2d at 391. The Circuit Court thus seemingly viewed the conclusion of Judge Bartels on this issue as dicta and as not precluding the district court on remand as being the law of the case.

A hearing was held by this Court on June 26, 1986 at which AUSA (now Judge) Max Sayah and Special Agent Frank Napoli of the Bureau of Alcohol Tobacco and Firearms (BATF) testified for the Government. Joseph Bald and Jay Hodes testified for the defendant. A thorough review and careful consideration of the testimony at that hearing clearly and convincingly establishes that the prosecutor's decision to seal the indictment was not the result of prosecutorial abuse, but was, instead, the result of the exercise of a sound discretion in the public interest.

The then Assistant United States Attorney, Max Sayah, was investigating an arson for profit scheme involving many persons, most of whom were subsequently ar-

rested and indicted. One of the persons most sought was a Kenneth Aska who was a state fugitive and who was believed to be able to furnish valuable information if his cooperation could be obtained. At a time prior to the return and sealing of the indictment, Mr. Sayah did not know where Srulowitz was. He believed Srulowitz was in Israel (Tr. 25). The good faith basis of that belief was established by the testimony of the defendant's witness, Joseph Bald who said he told Mr. Sayah that Srulowitz was in Israel "in early 1983, January, February, March of 1983...." (Tr. 117).

For a time preceding this indictment, Mr. Sayah was in telephone contact with Aska and was attempting to induce him to surrender. Mr. Sayah testified that the major reason for requesting that the indictment be sealed was to avoid intimidating and thus deterring Aska from surrendering which he feared would happen if Aska were to learn of the indictment (Tr. 26–27). There can be no doubt that the paramount reason for sealing the indictment was to avoid dissuading Aska from surrendering and to facilitate locating him. The testimony in this regard is uncontradicted (Tr. 40, 41, 47, 48). The major effort of the defendant at the hearing was to cast aspersion upon the investigative competence of Agent Napoli and AUSA Sayah by attempting to demonstrate that the issuance of a warrant for Srulowitz when the indictment was returned was unnecessary because he could have been located by more competent investigators. Whether that is so or not, is irrelevant for the issues before me. What is relevant is whether the prosecutor had a reasonable and good faith basis for requesting that the indictment be sealed on May 11, 1983. The Court finds that he did and that the indictment, therefore, was "found" when it was returned, namely, May 11, 1983 and not on July 12, 1983 when it was unsealed. Reference was previously made to the circumstances under which the sealing of an indictment is appropriate. *See, United States v. Srulowitz,* 649 F.Supp. 959 (E.D.N.Y.1986) and cases cited at page 963. The circumstances leading to the sealing of this indictment were clearly appropriate.

## II. *Is One Timely Predicate Act Sufficient to Satisfy the Statute of Limitations in a RICO Case?*

█ The defendant argues that the statute of limitations applicable to RICO requires proof of two predicate acts within the limitations period. If the defendant is correct, the prosecution would be foreclosed since only one predicate act was committed within five years preceding the indictment. The defendant builds his argument upon 18 U.S.C. § 1961(1)(B) which defines "racketeering activity" as "any act which is indictable" under the mail fraud statute (18 U.S.C. § 1341) and upon 18 U.S.C. § 1961(5) which defines "pattern of racketeering activity" as requiring "at least two acts of racketeering activity...." Since only one predicate act was committed within the applicable statute of limitations, it is only that act which is indictable and therefore the requisite "pattern of racketeering activity" is missing.

This question need not detain us long, the answer having been furnished by the Court of Appeals for this circuit in *United States v. Walsh,* 700 F.2d 846 (2d Cir.1983) and in *United States v. Persico,* 832 F.2d 705 (2d Cir.1987). In *Walsh,* the court said that "To establish Walsh's RICO violation the government had to prove that Walsh committed at least two predicate offenses *... one of which occurred within the five-year statute of limitations for non-capital offenses."* 700 F.2d at 851. (emphasis added). That observation was echoed in *Persico,* 832 F.2d at 714. Indeed, in this case, the court said:

The "racketeering activit[ies]" charged by the government in this case are the acts of mail fraud alleged to violate § 1341 (see 18 U.S.C. § 1961(1) (defining "racketeering activity")). In order to prove the "pattern of racketeering activity" prohibited by RICO, id. § 1962, the government was required to show that Srulowitz engaged in at least two acts of mail fraud within a ten-year period (at least one of those acts having occurred after the passage of RICO), id. § 1961(5).

The statute of limitations set forth in 18 U.S.C. § 3282 (1982) provides that

> [e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

*RICO does not provide otherwise, and hence, for this prosecution to be timely, at least one of the mail fraud acts must have been committed within five years of the date the indictment was "found."* United States v. Cody, 722 F.2d 1052, 1056 (2d Cir.1983), *cert. denied,* 467 U.S. 1226, 104 S.Ct. 2678, 81 L.Ed.2d 873 (1984); *United States v. Walsh,* 700 F.2d 846, 851 (2d Cir.), *cert. denied,* 464 U.S. 825, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983). 785 F.2d at 390. (emphasis added)

The decisions in this Circuit compel the conclusion that the defendant's argument must be rejected.

For the reasons stated, the defendant's motion to dismiss the indictment is denied. The parties are directed to appear for a status conference at 9:30 a.m. on February 18, 1988.

SO ORDERED.