961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bruce Eldon BURNETT, Defendant-Appellant.
 No. 91-1693.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a conviction in a drug case that went to trial at a time when one of the defendants was voluntarily absent. The defendant, Bruce Eldon Burnett, makes two arguments on appeal: (1) that the district court erred when it tried him in absentia; and (2) that the district court erred when it denied a motion to dismiss the indictment on statute of limitations grounds. Finding neither argument persuasive, we shall affirm the conviction.
 
 
 2
 * Mr. Burnett and eight other individuals were named in a 17-count indictment that was handed up on July 20, 1988. The indictment charged that from June 1983 to August 1983 Burnett conspired to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846; that on July 24, 1983, he engaged in interstate travel to facilitate the distribution of cocaine in violation of 18 U.S.C. § 1952; that on July 24, 1983, he distributed cocaine in violation of 21 U.S.C. § 841(a)(1); and that on three separate occasions on July 24, 1983, he used a telephone to facilitate the distribution of cocaine in violation of 21 U.S.C. § 843(b). This indictment was immediately sealed, upon motion by the government, and an arrest warrant was issued for Burnett.
 
 
 3
 Early in December of 1988 federal authorities apprehended Burnett in Miami, Florida. He was arraigned in the United States District Court for the Western District of Michigan and bond was set at $25,000 cash or corporate surety. A magistrate subsequently amended the order setting bond to provide for a $50,000 unsecured bond on condition that Burnett enter a community treatment center and remain in Kent County, Michigan. Burnett gave his bond and entered the treatment center.
 
 
 4
 On June 8, 1989, Burnett attended a pre-trial conference with his lawyer. The district court notified Burnett and his counsel that there would be a final pre-trial conference on July 7, 1989, and that the trial would commence four days later. On June 16, 1989, Burnett signed out of the community treatment center to go to work. He never returned, and the district court issued a warrant for his arrest.
 
 
 5
 Burnett was still missing at the time of the final pretrial conference. The government moved that he be tried in absentia, and Burnett's lawyer opposed the motion. After a hearing, the district court concluded that Burnett had made a conscious decision not to appear at his trial and that he was therefore voluntarily absent. Observing that it would not permit Burnett to frustrate the judicial system, the court granted the motion for a trial in absentia.
 
 
 6
 Prior to trial, Burnett's counsel moved the district court to dismiss the indictment on the ground that the charges were barred by the statute of limitations. Counsel argued that the indictment had been improperly sealed, and that the statute of limitations had therefore continued to run. The government argued that the indictment had been sealed out of concern that Burnett (and the other defendants) might flee if the existence of the indictment were known. It was suggested that Burnett owned property in Spain and that he had contacts in other foreign countries. The district court concluded that the indictment had not been sealed unreasonably or in bad faith and that it had not been demonstrated that the sealing of the indictment caused any prejudice. The motion was denied.
 
 
 7
 The trial proceeded as scheduled, without Burnett being present. Burnett was eventually found guilty on the conspiracy and distribution counts, but was acquitted on the other charges.
 
 
 8
 On April 1, 1991, operating on an informant's tip, the authorities finally located Burnett in Mason County, Michigan. The court sentenced him to imprisonment for ten years on the drug conviction. (Burnett pleaded guilty to a charge of failing to appear at the earlier criminal proceedings, and a 15-month sentence, to be served consecutively, was imposed for this offense.) The defendant has perfected a timely appeal from the drug conviction; the conviction for failing to appear has not been appealed.
 
 II
 
 9
 Rule 43(a), Fed.R.Crim.P., mandates that a defendant be present at every stage of his trial, including the empaneling of the jury, the return of the verdict and the imposition of sentence. Under Rule 43(b), a defendant may waive his right to be present if, "initially present, [he] is voluntarily absent after the trial has commenced." The courts have held that a defendant may also waive his right to be present, even though his trial has not yet commenced, if he is aware of the proceedings and voluntarily and intentionally absents himself. United States v. Houtchens, 926 F.2d 824 (9th Cir.1991); United States v. Mera, 921 F.2d 18 (2d Cir.1990); United States v. Schocket, 753 F.2d 336 (4th Cir.1985).
 
 
 10
 In United States v. Tortora, 464 F.2d 1202 (2d Cir.), cert. denied, 409 U.S. 1063 (1972), it was held that in cases of this kind the court must first determine if the defendant's absence is knowing and voluntary. Id. at 1209. Second, the court must balance the public interest in a trial in absentia and the interest of the voluntarily-absent defendant in attending trial. Id. at 1210. The former interest must clearly outweigh the latter one. The determination to try a defendant in absentia is committed to the sound discretion of the district court. Id.
 
 
 11
 In the case at bar, Mr. Burnett does not deny that he was knowingly and voluntarily absent from his criminal proceedings. He argues, however, that the district court abused its discretion because at the time of its ruling there was no way of knowing that he would not be located shortly. He contends that the court should have granted a continuance for a couple of weeks and then held a hearing to determine whether the trial should proceed without him. Such a continuance would not have prejudiced the government's case, he suggests.
 
 
 12
 We conclude that the district court did not abuse its discretion. Mr. Burnett had been gone for more than three weeks by the time of the hearing, and there was no indication of where he was located or when he would be found. It was to take upwards of a year-and-a-half to locate him, as we now know, and the district court had no way of knowing that it would not take at least that long. There were a number of defendants, and it would obviously have been awkward to keep everyone waiting to see if Burnett could be found soon. And the government would have been put to unnecessary expense had it been required to try Burnett separately.
 
 III
 
 13
 The pertinent statute of limitations, 18 U.S.C. § 3282, provides that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found ... within five years next after such offense shall have been committed." An indictment is considered to be "found" when it is returned by the grand jury and filed. United States v. Srulowitz, 819 F.2d 37, 40 (2d Cir.), cert. denied, 484 U.S. 853 (1987). The government may request the sealing of an indictment for a time beyond the statute of limitations. United States v. Edwards, 777 F.2d 644, 647 (11th Cir.1985), cert. denied, 475 U.S. 1123 (1986); Rule 6(e)(4), Fed.R.Crim.P. A sealed indictment that is not opened until after the expiration of the statute of limitations will not bar prosecution unless the defendant can show actual prejudice. Id.; Srulowitz, 819 F.2d at 40. The reviewing court should give "great deference" to the magistrate's decision to seal the indictment. United States v. Ramey, 791 F.2d 317, 321 (4th Cir.1987).
 
 
 14
 In the case at bar, Burnett argues that the authorities could have apprehended him without the sealing of the indictment, and that because the indictment was improperly sealed, it was not "found" within the prescribed time. Giving appropriate deference to the finding of the trial court, however, we conclude that it was reasonable for the government to be concerned over the possibility of flight and to seek to have the indictment sealed for that reason. Burnett has not shown the slightest prejudice, moreover, and such a showing is essential if he is to prevail on this point.
 
 
 15
 AFFIRMED.