NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1103
_____

UNITED STATES OF AMERICA

v.

TABARI MALIK ZAHIR,
                               Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 2:03-cr-00800)
District Judge:  Honorable Michael M. Baylson
_____

Argued Under Third Circuit L.A.R. 34.1(a)
November 16, 2010
Before:   AMBRO, FISHER, and WEIS, Circuit Judges.

(Filed: December 16, 2010)
_____

Michael G. Paul, Esquire (ARGUED)
One Highland Avenue
Metuchen, New Jersey 08840

Attorney for Appellant

Emily McKillip, Esquire (ARGUED)
Zane David Memeger, Esquire
 United States Attorney

1

Robert A. Zauzmer, Esquire
  Assistant United States Attorney
  Chief of Appeals
Joseph T. Labrum, III, Esquire
  Assistant United States Attorney
615 Chestnut Street
Philadelphia, Pennsylvania  19106

Attorneys for the Appellee

_____

OPINION

_____

WEIS, Circuit Judge.

Defendant Tabari Malik Zahir appeals the denial of his 28 U.S.C.

§ 2255 motion to vacate, set aside or correct the sentence.  He contends that trial counsel

was ineffective for failing to move to dismiss the indictment on Speedy Trial grounds.

We will affirm.

Defendant was arrested and detained on November 7, 2003, while

attempting to transport more than 50 kilograms of cocaine across the country.  A criminal

complaint was filed two days later.  On December 3, 2003, the grand jury returned an

indictment against defendant.  The indictment was sealed that day on the Government's

motion, which stated, "if the Indictment is made public prior to the arrest[ ] of the

defendant, there is a risk that he will flee the jurisdiction, thereby hindering the execution

2

of the arrest warrant[ ]."[1]

On the following day, the Government filed a Supplemental Motion to Impound Indictment, setting forth two bases for sealing that document. First, "[t]he nature of the defendant's past and anticipated future cooperation may expose him to possible retaliation by persons not yet arrested." Second, "[c]urrent investigations by federal law enforcement authorities might be compromised if the fact of this defendant's cooperation is made public during the on-going investigation."

Defendant contends that he advised the Government on January 8, 2004, that he would not cooperate with the investigation of his alleged crime. The Government asserts that it learned of that decision sometime after that date. In any event, no conspirators have yet been identified or arrested in conjunction with the defendant's drug-related activities.

On March 10, 2004, defense counsel moved to dismiss the November 7, 2003, criminal complaint and warrant on Speedy Trial grounds, in that defendant had been arrested, but not (to counsel's knowledge) indicted, well past the 30-day time frame dictated by the Speedy Trial Act. The Government did not file a response to that motion. On March 15, 2004, five days after the motion was filed, a magistrate judge granted the

---

1 As defendant was incarcerated at the time the indictment was returned, it appears that this motion was filed erroneously. The Government's Supplemental Motion to Impound Indictment, filed the following day, supports that inference.

motion and ordered that defendant be released. We assume that the magistrate judge was not aware of the sealed indictment, although the record is silent on that point.[2]

On April 27, 2004, the Government moved to vacate the order dismissing the criminal complaint. That motion was granted on April 29, and a bench warrant was issued shortly thereafter. Defendant had left the jurisdiction, however, and was not apprehended until November 2004.

After his arrest, defendant was removed to the Eastern District of Pennsylvania and, on December 16, 2004, the indictment previously returned against him was unsealed. Shortly thereafter, defendant was arraigned and pleaded not guilty. After two continuances, one of which was requested by defense counsel, defendant was tried by a jury and found guilty on all counts. His conviction and sentence were upheld on appeal.

In his present § 2255 motion, defendant argues that trial counsel's failure to challenge the Government's December 2003 motion to seal the indictment amounted to ineffective assistance, because it allowed an impermissible toll of the "Speedy Trial" clock. As a result, trial counsel was precluded from moving to dismiss the indictment.[3]

---

[2] We are puzzled by the fact that apparently neither the District Court's information system nor the U.S. Attorney's Office advised the magistrate judge that an indictment had been returned. This administrative misstep is not material to this matter, and we assume that appropriate steps have been taken to avoid repetition of this turn of events.

[3] The defendant's initial motion for § 2255 relief alleged two Speedy Trial violations, one beginning in November 2003, the second in November 2004. Only the first claimed violation is before us on appeal.

More specifically, defendant contends that both his attorney and the Government were aware that he had no intention of assisting with the investigation, and, therefore, trial counsel was ineffective for not challenging that basis of the Government's motion to seal. The District Court rejected the defendant's petition. This timely appeal followed.

In order to demonstrate ineffective assistance, defendant must show that counsel's performance was both deficient and prejudicial to the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The deficiency alleged must be significant and fundamental, essentially amounting to a deprivation of counsel. See id. It must also be shown that, but for this deficiency, a reasonable probability exists that the outcome of the trial would have been different. See id. at 693-95.

We have held that "[a]n indictment may be sealed for any legitimate law enforcement reason or where the public interest requires it." United States v. DiSalvo, 34 F.3d 1204, 1218 (3d Cir. 1994) (citing United States v. Michael, 180 F.2d 55, 57 (3d Cir. 1949)). "The protection of [defendant] and the need to avoid compromising an ongoing investigation fall[ ] within the range of permissible reasons for sealing an indictment." United States v. Wright, 343 F.3d 849, 858 (6th Cir. 2003); DiSalvo, 34 F.3d at 1219 (government need not "prove a distinct legitimate prosecutorial interest relating to each defendant named in an indictment to justify" sealing).

Most courts of appeals have reached the same conclusion. See, e.g., United States v. Sharpe, 995 F.2d 49, 52 (5th Cir. 1993) (indictment properly sealed when the

government request is based on any legitimate prosecutorial objective or where the public interest otherwise requires it); United States v. Richard, 943 F.2d 115, 118-19 (1st Cir. 1991) (same); United States v. Lakin, 875 F.2d 168, 171 (8th Cir. 1989) (same); United States v. Srulowitz, 819 F.2d 37, 40 (2d Cir. 1987) ("there are various legitimate prosecutorial objectives . . . that will justify the sealing of an indictment"); United States v. Ramey, 791 F.2d 317, 321 (4th Cir. 1986) (motion to impound indictment may be granted "for any legitimate prosecutorial need").

The Government's December 4, 2003, motion to seal the indictment cited the same law enforcement reasons found to be legitimate in DiSalvo and Wright. In addition, nothing in the record demonstrates when  -- or if -- defense counsel became aware of the sealed indictment prior to the Government's objection to the defendant's release. That motion was filed in April 2004, approximately one month after defendant had been freed.

Under the circumstances, we conclude that trial counsel's failure to challenge the Government's motion to seal the indictment does not amount to "ineffective assistance." Nothing in the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq., warrants a different result.

Even if defendant had shown that the alleged deficiency was of the magnitude necessary for § 2255 relief, he still has not demonstrated that such an error would have led to a dismissal with prejudice. In determining whether to dismiss a case

6

for Speedy Trial Act violations "with or without prejudice," courts must consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1). Defendant has not addressed these factors, let alone demonstrated any likelihood that they would have resulted in a dismissal with prejudice.

Accordingly, the District Court's order will be affirmed.

United States of America v. Tabari Malik Zahir
No. 09-1103

AMBRO, Circuit Judge, concurring

I agree with my colleagues that an indictment may be sealed for any proper prosecutorial purpose, and to do so tolls the 70-day Speedy Trial Act clock. My problem is that we do not know why the indictment was sealed, and remained sealed for as long as it did, in Zahir's case.[1] He has made a plausible, but as yet untested, allegation that the indictment returned against him was sealed in bad faith (hence not a proper prosecutorial purpose). So substantive is this argument that our Court granted a certificate of appealability as to whether Zahir's trial counsel was ineffective for failing to move to dismiss the indictment of Zahir for a Speedy Trial Act violation, and the parties were asked to address "the 12-month delay in unsealing the indictment," indicating a concern about possible bad faith.

---

[1] My colleagues state that "[t]he Government's December 4, 2003, motion to seal the indictment cited the same law enforcement reasons found to be legitimate in *DiSalvo* and *Wright*." I disagree. In both cases, the Government offered a specific rationale for sealing the indictment that amounted to more than the need to continue investigating the defendant's case, which the Government appears to argue here is reason enough to seal an indictment for a time period far exceeding the 70-day limit of the Speedy Trial Act. *See United States v. DiSalvo*, 34 F.3d 1204, 1218 (3d Cir. 1994) (explaining the need "to seal the indictment against [DiSalvo's co-defendant, an attorney in the midst of defending a criminal trial], in order to avoid any publicity that might have an adverse impact on the prosecution of [DiSalvo's co-defendant's client] sufficient to result in a mistrial"); *United States v. Wright*, 343 F.3d 849, 858 (6th Cir. 2003) (discussing need to protect identity of a specific confidential informant, given ongoing investigation of Wright's co-defendants). Zahir has no co-defendants and no conspiracy was ever alleged. Moreover, there was not a plausible allegation of bad faith made in *DiSalvo* or *Wright*, as there is here.

According to Zahir, the specific reason for the delay in unsealing the indictment was that the Government had not yet received fingerprint and chemical analysis requested from the forensics lab and was unprepared to proceed to trial without that evidence. To support this allegation, Zahir attached exhibits to his § 2255 motion, showing that on November 12, 2003, the Postal Inspector investigating his case, Yvette Thomas, requested "Fingerprint and Chemistry Examination" from a forensics lab.[2] However, it was not until March 30, 2004, *after* nearly 120 days had run were the indictment not sealed, that Thomas apparently received a reply from the forensics lab supplying the test results. Zahir claims this delay was in bad faith and calls for dismissal with prejudice of his indictment.

The Speedy Trial Act requires that three factors be considered in determining whether an indictment shall be dismissed with or without prejudice: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1). The Supreme Court has instructed that "evidence of bad faith on the part of the Government . . . supports [though it does not compel] dismissal with prejudice." *United States v. Ferguson*, 565 F. Supp. 2d 32, 46 (D.D.C. 2008) (citing *United States v. Taylor*, 487 U.S. 326, 339 (1988)).

Generally, when a plausible allegation of bad faith has been made, I would remand

---

[2] Zahir was already in custody at that time. He was indicted three weeks later, on December 3, 2003.

to the District Court for an evidentiary hearing on the issue.  After all, as Zahir was indicted, wouldn't that have been based on evidence the Government already had?  We thus would benefit from an evidentiary hearing on several contested factual issues.  The most important is whether the Government sealed the indictment, and/or kept it sealed, because it was waiting for evidence from the forensics lab that it needed to proceed to trial despite having indicted Zahir already.  Other unknown material facts include: (1) when did the Government become aware of Zahir's desire to proceed to trial (although the Government concedes it was between January 8, 2004 and March 12, 2004), which would have eliminated its cooperation rationale for sealing the indictment; and (2) whether the indictment remained sealed for more than a reasonable period of time after that date if no other proper prosecutorial purpose existed.

In any event, a hearing would allow "the [G]overnment [to] 'explain and support the legitimacy of its reasons for sealing the indictment.'" *United States v. Thompson*, 104 F. Supp. 2d 1303, 1306 (D. Kan. 2000) (quoting *United States v. Srulowitz,* 819 F.2d 37, 41 (2d Cir. 1987)).  A challenge to a sealed indictment based on the tolling of a criminal statute of limitations results in a three-part inquiry at a hearing: "(1) Was the original decision to seal the indictment proper?; (2) If properly sealed, was the length of time the indictment was sealed reasonable?; and (3) Was the defendant prejudiced by the sealing of the indictment?" *Thompson*, 104 F. Supp. 2d at 1306 (citing *United States v. Shell,* 961 F.2d 138, 141-43 (9th Cir. 1992); *Srulowitz,* 819 F.2d at 40-41).

The insurmountable problem for Zahir is that, even if we were to accept as true his

3

allegation of bad faith on the Government's part in sealing the indictment and his counsel's deficiency in ferreting out the Speedy Trial Act issues, I believe there simply was not enough harm to Zahir to conclude that his indictment would have been dismissed with prejudice. Indeed, I can conceive of no significant harm. Nor does Zahir himself plausibly propose a loss of ground, as he makes the conclusory assertions that his counsel's failing to challenge the Government's request to seal the indictment allowed impermissible tolling of the Speedy Trial Act (I already assumed that), precluded his trial counsel from moving to dismiss the indictment (by inference, this also is assumed), and thus caused "significant prejudice by violating [Zahir's] right to a speedy trial." Op. Br. at 11. The end game is to show *how* the violation of that right hurt Zahir's defense, and that argument never leaves the starting gate.

There being no prejudice to Zahir by the sealing of his indictment, I agree with my colleagues' alternate conclusion that any alleged deficiency of Zahir's counsel would not have resulted in a dismissal with prejudice of his indictment. Thus, Zahir cannot satisfy the prejudice prong of his ineffective-assistance-of-counsel claim under *Strickland v. Washington*, 466 U.S. 668, 687 (1984).